Argued and submitted October 30, 1987, affirmed May 11, 1988

# STATE OF OREGON,
*Respondent,*

*v.*

# DELMAR ADAMS,
*Appellant.*

(85-01-1423-C; CA A42168)

754 P2d 1

Paul J. De Muniz, Salem, argued the cause for appellant. With him on the brief was Garrett, Seideman, Hemann, Robertson & De Muniz, P.C., Salem.

Rives Kistler, Assistant Attorney General, Salem, argued the cause for respondent. With him on the brief were Dave Frohnmayer, Attorney General, and Virginia L. Linder, Solicitor General, Salem.

Before Warden, Presiding Judge, and Joseph, Chief Judge[*] and Rossman, Judge.

JOSEPH, C. J.

---

[*] Joseph, C. J., *vice* Young, J., deceased.

## JOSEPH, C. J.

Defendant appeals his conviction for conspiracy to commit first degree arson. ORS 161.450; ORS 164.325. He assigns error to the denial of his motions for judgment of acquittal, in arrest of judgment and for a new trial based on newly discovered evidence. We affirm.

Defendant owned a building which was encumbered by a mortgage. On December 11, 1984, the mortgagee mailed defendant a notice of foreclosure. At that time, the property taxes were three years delinquent. On December 15, the building was destroyed by fire. Louis Smith admitted starting the fire. He testified that he burned the building after defendant offered him $500 to do it.

Smith testified that he had discussed the arson on two separate occasions with defendant. Shake Spear[1] was present at the first of those conversations. He testified that he had heard everything said between defendant and Smith and that nothing was said about any fire or arson. Smith testified that the second conversation took place at a tavern about a week before the fire and that it was during that conversation that defendant offered him $500 to burn the building.

Keen testified that, a few days before the fire, he had overheard part of a conversation at the tavern between defendant and Smith. He said that, as he approached the table where defendant and Smith were sitting and talking, Smith said something to defendant that Keen could not hear and defendant replied that he "would pay $500 to do the building." A few nights later, on December 14, Smith approached Keen at the tavern and asked Keen to drive him to his motel room so that he could "get his gas cans and stuff." Keen drove Smith to the motel room. Smith went to his room and came back with gas cans, and Keen dropped him off near defendant's building. Keen thought that Smith "was going to burn something." Keen then drove away and Smith, according to his own testimony, proceeded to burn the building.

Defendant denied asking Smith to burn the building or having any involvement with the fire. There was conflicting

---

[1] According to his testimony, "Shake Spear" is the correct spelling.

evidence as to whether defendant had a financial motive for burning the building.

After the jury returned a guilty verdict, defendant moved for a new trial on the basis of newly discovered evidence: two statements that Keen had allegedly made to McLean, a friend of defendant's. At the hearing on the motion, McLean testified that Keen told him that he had never overheard any conversation between defendant and Smith. McLean also testified that Keen told him that "he basically don't know nothing about [the arson]" and that what he did know he learned from Smith.

■    Defendant first assigns error to the denial of his motion for judgment of acquittal made after the close of state's case. He points out that the testimony of an accomplice must be corroborated, ORS 136.440(1),[2] and argues that Keen's testimony was insufficient to corroborate accomplice Smith's testimony.[3] Keen testified that he heard Smith say "something" to defendant and that defendant replied that he "would pay $500 to do the building" and that he, Keen, assisted Smith in procuring gas cans and transporting them. No other evidence corroborates Smith's testimony. The issue of corroboration is for the jury if there is some evidence, however slight, besides the accomplice's testimony which tends to connect the defendant to the crime. *State v. Schoen,* 34 Or App 105, 110, 578 P2d 420, *rev den* 283 Or 503 (1978). Even if Keen's testimony were only slight corroboration, it was nonetheless sufficient to get the issue to the jury.

■    Defendant next contends that the trial court erred in denying his post-trial motion in arrest of judgment. *See* ORS 136.500. He argues that the information on which he was tried

---

[2] ORS 136.440(1) provides:

"A conviction cannot be had upon the testimony of an accomplice unless it is corroborated by other evidence that tends to connect the defendant with the commission of the offense. The corroboration is not sufficient if it merely shows the commission of the offense or the circumstances of the commission."

[3] Defendant also argues that Keen was an accomplice as a matter of law, *see* ORS 136.440(2), and that his testimony cannot corroborate another accomplice's testimony. That argument was made only in conjunction with defendant's second motion for judgment of acquittal (after the defense had rested), and only the denial of his first acquittal motion (at the end of the state's case) is assigned as error. Accordingly, we do not address that argument.

fails to state a crime. ORS 135.630(4). The information provides:

> "Said defendant on or about December 15, 1984, in Harney County, Oregon, did unlawfully with the intent that conduct constituting the crime of Arson in the First Degree, punishable as a felony be performed, agree with Louis Sterling Smith to cause the performance of the following conduct: to unlawfully and intentionally damage protected property, to wit: the dwelling house situated at 1060 S. Egan, Burns, Oregon, the property of Delmar Adams, by starting a fire, contrary to the statute in such cases made and provided."

Defendant contends that the information fails to state a crime, because it does not allege that the property is "of another," an element of arson. ORS 164.325; ORS 164.305. The information does not allege all of the elements of arson. However, it is not meant to charge arson, but only conspiracy to commit arson.

In *State v. Sanders,* 280 Or 685, 572 P2d 1307 (1977), the court held that an indictment for burglary must specifically allege the underlying crime that the defendant intended to commit when he entered the building. The court did not, however, hold that each element of the underlying crime must be pleaded. *See also State v. Trow,* 56 Or App 478, 483, 642 P2d 1178, *rev den* 293 Or 394 (1982). An indictment or information charging conspiracy to commit first degree arson need not allege all the elements of arson in the same detail as required in an arson information. *See* 16 Am Jur 2d 245, "Conspiracy," § 31. The failure to allege that the property was "of another" is not fatal.

■■ We next address whether the information adequately charges a conspiracy to commit first degree arson. The purposes of an information are to inform the defendant of the nature of the crime with sufficient particularity to enable him to make his defense, to identify the offense so as to enable the defendant to avail himself of a conviction or acquittal if he should be prosecuted again for the same cause and to inform the court of the facts charged so that it can determine whether they are sufficient to support a conviction. *State v. Cohen,* 289 Or 525, 529, 614 P2d 1156 (1980); *State v. Sanders, supra,* 280 Or at 687-88. The information here contains the specific address of the property defendant conspired to burn, an

approximate date, a specific charge of intention to bring about arson in the first degree and an allegation of agreement with, and the name of, a co-conspirator. That satisfies the requirements for an information. If defendant needed more specific information to prepare his defense, he could have availed himself of discovery. ORS 135.805 *et seq.*

■ Finally, defendant also assigns error to the denial of his motion for a new trial. The motion is addressed to the discretion of the trial court. *State v. Clayton,* 11 Or App 534, 538, 504 P2d 139 (1972). The question is whether the new evidence would probably change the result of the trial.[4] The new evidence consists of the two statements allegedly made by Keen to McLean. McLean testified that Keen told him "basically he just learned it from Louie; that's all he said to me, really—that he basically don't know nothing about it." McLean also testified that Keen said that he had not overheard any conversation between defendant and Smith. The essence of McLean's testimony is that Keen may have lied when he testified about what he had heard defendant say. That portion of Keen's testimony was crucial, because it was part of the only corroborating testimony.[5]

The first statement testified to by McLean is not, as defendant suggests, necessarily inconsistent with Keen's having overheard defendant tell Smith that defendant "would pay $500 to do the building." It *is* consistent with Keen's testimony at trial that, on the night of the arson, he did not know anything more than that "something" was going to be burned. Keen consistently testified that he knew little or nothing about the actual act of arson.

The second piece of claimed new evidence (that Keen told McLean that he did not overhear any conversation) is more troubling, because it directly contradicts Keen's testimony at trial. Nonetheless, we conclude that the evidence is not so persuasive that we can say that the trial court abused its

---

[4] The state concedes that the new evidence could not have been discovered before trial.

[5] The state contends that evidence that the building was intentionally burned and of defendant's financial motive also corroborate Smith's testimony. We disagree. The objective evidence of intentional burning shows the commission of the offense, and the motive evidence shows some circumstances of that commission. Therefore, neither is adequate corroboration. ORS 136.440(1).

discretion when it decided that the new evidence would not change the result of the trial. *Cf. State v. Toth,* 30 Or App 285, 290, 566 P2d 1218 (1977) (new trial appropriate when conviction was based predominantly on testimony of one witness and new evidence directly contradicts that evidence).

The new evidence impeaches and contradicts Keen's corroboration of Smith. If that is all that it could do, it is not sufficient to require a new trial. *State v. Davis,* 192 Or 575, 579, 235 P2d 761 (1951). It must be such as will probably change the result. *See State v. Toth, supra; see also State v. Williams,* 2 Or App 367, 468 P2d 909 (1970). At a new trial, Keen's testimony would still get to the jury and, if believed, would still be adequate corroboration. The result of the trial would be different only if the jury chose not to believe Keen at all. Whether the new evidence would change the result of the first trial is a close question but, when a matter involving discretion is as close as this one is, we will not second-guess the trial court. Accordingly, it did not abuse its discretion.

Affirmed.