Argued and submitted February 15, affirmed July 24, 1991

# Bert M. COLE,
*Appellant,*

*v.*

# FARMERS INSURANCE COMPANY OF OREGON,
*Respondent.*

(8905-02981; CA A64931)

814 P2d 188

Clayton C. Patrick, Salem, argued the cause for appellant. On the brief were Clinton D. Simpson and Dwyer, Simpson & Wold, P.C., Eugene.

Michael B. Merchant, Portland, argued the cause for respondent. With him on the brief was Hallmark, Keating & Abbott, P.C., Portland.

Before Buttler, Presiding Judge, and Rossman and De Muniz, Judges.

DE MUNIZ, J.

## DE MUNIZ, J.

In this declaratory judgment action about insurance coverage, the court concluded that the policy did not obligate defendant to pay plaintiff's claim. Plaintiff appeals. We affirm.

Plaintiff parked his 1988 Chevrolet Suburban in front of a convenience store. He left the keys in the ignition and went inside to purchase a magazine. As he was leaving the store, he saw a person stealing his vehicle. Plaintiff tried to stop the thief, but the thief ran over him with the vehicle. Plaintiff suffered serious injuries. He incurred medical expenses of $81,582.25 and lost wages of approximately $12,000. The thief was indigent and uninsured.

Plaintiff is the named insured in an automobile insurance policy issued by defendant. The Suburban is insured under the policy. Plaintiff claims that his insurer is obligated to accept his claim for uninsured motorist insurance benefits. Defendant denies coverage on the ground that plaintiff's car is not an "uninsured motor vehicle," as that term is defined in the policy and by *former* ORS 743.792(2)(e)(F).[1] The parties submitted the case to the court on stipulated facts. The court entered judgment for defendant.

The uninsured motorist provision in the policy provides:

> "We will pay all sums which an **insured person** is legally entitled to recover as **damages** from the owner or operator of an **uninsured motor vehicle** because of **bodily injury** sustained by the **insured person.** The **bodily injury** must be caused by **accident** and arise out of the ownership, maintenance or use of the **uninsured motor vehicle.**" (Emphasis in policy.)

The terms that appear in bold-face type are defined in the policy. The policy contains five definitions of "uninsured motor vehicle." The policy then provides:

---

[1] In 1989, after plaintiff brought this action, the legislature renumbered the statute. *Former* ORS 743.792(2)(e)(F) is now ORS 742.504(2)(e)(F). The language is identical.

"4. **Uninsured motor vehicle,** however, does not mean a vehicle:

"a. Owned by or furnished or available for the regular use of you or any **family member.**" (Emphasis in policy.)

Defendant denied coverage, because plaintiff's car is a vehicle "owned by" him and, therefore, not an "uninsured motor vehicle."

*Former* ORS 743.792 required defendant to provide uninsured motorist coverage that is no less favorable in any respect to the insured than various provisions set forth in the statute. *Former* ORS 743.792(2)(e)(F) provided:

"(e) 'Uninsured vehicle' does not include:

"* * * * *

"(F) A vehicle owned by or furnished for the regular or frequent use of the insured or any member of the household of the insured."

Plaintiff claims that the legislature enacted *former* ORS 743.792(2)(e)(F) to prevent a person from getting free coverage for a vehicle for which he chooses not to buy insurance. He argues that application of the statute here produces an absurd result, because it conflicts with what he claims is the legislature's intent to provide a means of compensating persons injured through the negligence of drivers who do not have liability insurance. To determine legislative intent, we look first to the express language of the statute. If the language is not ambiguous, legislative intent is evident and the inquiry ends. *Whipple v. Howser,* 291 Or 475, 481, 632 P2d 782 (1981). The language in *former* ORS 743.792(2)(e)(F) is not ambiguous. If the legislature has chosen language that creates unexpected and unintended results, the legislature can amend the statute to express its actual intent. It is not the function of a court to insert language that should have been added and ignore language that should have been omitted. ORS 174.010.

The vehicle that struck plaintiff was not an "uninsured motor vehicle" under the policy provisions and the

statute. The policy provides no coverage; the statute mandates none. *See State Farm Mut. Ins. v. Whitlock,* 59 Or App 303, 650 P2d 1042 (1982), *rev den* 294 Or 461 (1983).[2]

Affirmed.

---

[2] Plaintiff urges us to overrule *Whitlock.* We decline.