Argued and submitted April 26, reversed and remanded September 21, 2016, petition for review allowed January 13, 2017 (360 Or 752)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

PATRICK EUGENE STOUT,
*Defendant-Appellant.*

Klamath County Circuit Court
1101350CR; A157453

382 P3d 591

Kyle Krohn, Deputy Public Defender, argued the cause for appellant. With him on the brief was Ernest G. Lannet, Chief Defender, Criminal Appellate Section, Office of Public Defense Services.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Armstrong, Presiding Judge, and Egan, Judge, and Shorr, Judge.

**SHORR, J.**

Defendant appeals from a judgment convicting him of violating the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO). ORS 166.715 - 166.735. Defendant assigns error to the denials of his demurrer to the indictment and his motion in arrest of judgment. Both assignments of error raise the same issue: whether ORS 166.720(6), which sets out specific pleading requirements for "an allegation of a pattern of racketeering activity," applies to the indictment in defendant's case, which accused him of an inchoate ORICO crime under ORS 166.720(4) of conspiring or endeavoring to commit an ORICO violation. Defendant asserts that the pleading requirements apply to both completed and inchoate ORICO crimes, and that the state failed to meet those requirements. Specifically, defendant argues that the indictment was deficient because it did not allege with particularity the individual thefts that defendant was accused of conspiring or endeavoring to commit, as required by ORS 166.720(6)(a). The state counters that ORICO's specific pleading requirements apply only to an allegation of a completed pattern of racketeering activity and not to an allegation of an inchoate ORICO crime charged under ORS 166.720(4). As explained below, we agree with defendant and, therefore, reverse his conviction.

The following facts are undisputed on appeal. Defendant was involved in a series of thefts. The items stolen were later sold through a lawn care business with which defendant and the other codefendants were associated. Defendant and four codefendants were originally charged by secret indictment (the original indictment). The original indictment charged one count of racketeering, and 21 counts of other criminal offenses, including 11 counts of theft in the first degree. Under the racketeering count, the original indictment listed and briefly described 22 offenses, including 12 incidents of theft, alleged to be predicate acts for the racketeering charge. Before trial, the state filed a first amended indictment (the amended indictment), which is the subject of this appeal. The amended indictment charged defendant and the codefendants with one count of racketeering and no other charges. The amended indictment did not list any predicate acts for the racketeering charge.

Defendant demurred to the amended indictment, arguing that it was deficient because it failed to plead with particularity the predicate offenses underlying the alleged "pattern of racketeering activity," as required by ORS 166.720(6)(a). The trial court denied the demurrer. At the close of trial, defendant filed a motion in arrest of judgment,[1] arguing that the amended indictment "fail[ed] to allege a crime" for the same reasons argued in the demurrer. The trial court denied the motion. On appeal, defendant renews those arguments.

The sole legal question before us is whether the pleading requirements of ORS 166.720(6)—and specifically ORS 166.720(6)(a)—apply to the state's allegation of an inchoate ORICO crime charged under ORS 166.720(4). We review that issue, raised by defendant in the context of his demurrer and motion in arrest of judgment, for legal error. *State v. Magana*, 212 Or App 553, 556, 159 P3d 1163, *rev den*, 343 Or 363 (2007) ("We review a trial court's ruling on a demurrer to a charging instrument for errors of law."); *see State v. Burnett*, 185 Or App 409, 413-14, 60 P3d 547 (2002) (reviewing the denial of a motion in arrest of judgment for legal error).

The statute at the center of this case, ORS 166.720, comprises six subsections. ORS 166.720(6) describes specific pleading requirements for certain ORICO allegations:

"An allegation of a pattern of racketeering activity is sufficient if it contains substantially the following:

"(a) A statement of the acts constituting each incident of racketeering activity in ordinary and concise language, and in a manner that enables a person of common understanding to know what is intended;

"(b) A statement of the relation to each incident of racketeering activity that the conduct was committed on or about a designated date, or during a designated period of time;

---

[1] A motion in arrest of judgment is "an application on the part of the defendant that no judgment be rendered on a plea or verdict of guilty." ORS 136.500. Such a motion "may be founded on either or both of the grounds specified in ORS 135.630(1) and (4), and not otherwise." *Id*. ORS 135.630(4) allows for a demurrer where "the facts stated do not constitute an offense."

"(c)  A statement, in the language of ORS 166.715(4) or other ordinary and concise language, designating which distinguishing characteristic or characteristics interrelate the incidents of racketeering activity; and

"(d)  A statement that the incidents alleged were not isolated."

As noted, defendant contends that the state's amended indictment was deficient because it did not comply with paragraph (a)—that is, the amended indictment did not specifically plead "the acts constituting each incident of racketeering activity." ORS 166.720(6)(a).

Defendant was charged under ORS 166.720(4), which states that "[i]t is unlawful for any person to conspire or endeavor to violate any of the provisions of subsections (1), (2) or (3) of this section." Defendant was alleged to have conspired or endeavored to violate subsection (3), which states, in part, that "[i]t is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity ***."

The amended indictment[2] in defendant's case tracked the language of both subsections, alleging that defendant "did knowingly conspire and/or endeavor to be employed by or associated with an enterprise, *** and to conduct and/or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity[3] consisting of theft."

Before turning to our analysis, we provide some background and context for both the general criminal, and ORICO-specific, pleading requirements. By statute, an

---

[2] The amended indictment dropped all of the non-ORICO related counts.

[3] "Racketeering activity" and a "pattern of racketeering activity" are defined terms. "Racketeering activity" means "to commit, to attempt to commit, to conspire to commit, or to solicit, coerce or intimidate another person to commit" any one of a long list of enumerated crimes, including theft. ORS 166.715(6), (6)(a)(K). A "pattern of racketeering activity" means

"engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents[.]"

ORS 166.715(4).

indictment for any crime must contain a "statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended." ORS 132.550(7); *see also* Or Const, Art I, § 11 ("In all criminal prosecutions, the accused shall have the right *** to demand the nature and cause of the accusation against him, and to have a copy thereof[.]"). Generally, an indictment is sufficient "if it tracks the pertinent wording of the statute defining the crime." *State v. Fair*, 326 Or 485, 490, 953 P2d 383 (1998).

There are exceptions to that general rule, and ORS 166.720(6) presents such an exception. To understand the ORICO pleading requirements in ORS 166.720(6), some background on the ORICO case law and statute is necessary. More than a decade before ORS 166.720 was amended to add subsection (6) and its pleading requirements, *see* Or Laws 1997, ch 789, § 2, we already had held that an allegation of "a pattern of racketeering activity" under ORICO was subject to a heightened pleading standard. In *State v. Kincaid*, 78 Or App 23, 30-31, 714 P2d 624 (1986), we considered an indictment for violating ORS 166.720(3) and concluded that, in alleging a "pattern of racketeering activity," the state was required to plead with particularity each of the predicate racketeering offenses. We did not then articulate a specific standard for pleading those predicate offenses. Instead, we referred to a prior case, *State v. Romig*, 73 Or App 780, 700 P2d 293, *rev den*, 299 Or 663 (1985), which upheld an indictment under ORS 166.720(3) that pleaded each predicate act as if it were an additional count, and we held that "an ORICO indictment must allege the predicate offenses with at least as much specificity as the indictment" in *Romig*.[4] *Kincaid*, 78 Or App at 26, 30-31.

The legislature amended ORS 166.720 in 1997, adding subsection (6) and codifying specific pleading requirements for "[a]n allegation of a pattern of racketeering

---

[4] The allegation in *Romig* that was quoted as sufficient in *Kincaid* stated that "[t]he defendant on or about the 28th day of May, 1982, with the intent to injure and defraud [the victims], obtained a signature of [the victims] to a written instrument by knowingly misrepresenting facts ***." *Kincaid*, 78 Or App at 26 (quoting *Romig*, 73 Or App at 789 (internal quotation marks omitted)).

activity." Or Laws 1997, ch 789, § 2. The enactment of subsection (6) appears, according to legislative history, to have been primarily motivated by a pleading issue not directly related to this case.[5] Although *Kincaid* appears not to have been discussed leading up to the enactment of ORS 166.720(6), *Kincaid's* rule had been binding law for 11 years at the time of the amendment, and its mandate appears codified in paragraph (a) of subsection (6), which, as quoted above, requires an allegation of a "pattern of racketeering activity" to include "a statement of the acts constituting each incident of racketeering activity in ordinary and concise language." ORS 166.720(6)(a).

We turn to the parties' arguments. Defendant argues on appeal that the text of ORS 166.720(6) is unambiguous and "applies a heightened pleading requirement to *any* 'allegation of a pattern of racketeering activity,' without exception." (Emphasis in original.) Defendant contends that, accordingly, the heightened pleading requirement applies both to completed ORICO violations of ORS 166.720(1) to (3) and inchoate ORICO violations under ORS 166.720(4). Because the amended indictment in his case contained an "allegation of a pattern of racketeering activity," even if only alleging a conspiracy or attempt to engage in such a pattern, defendant argues that the state was therefore required to plead with particularity each of the predicate theft offenses composing that pattern of racketeering activity.

In response, the state does not contend before us that defendant's amended indictment complies with ORS 166.720(6). Rather, the state contends that ORS 166.720(6)

_____

[5] Our review of legislative history indicates that ORS 166.720(6) was enacted in response to our opinion in *State v. Fair*, 145 Or App 96, 929 P2d 1012 (1996), *rev'd*, 326 Or 485, 953 P2d 383 (1998), which imposed heightened pleading requirements on a different aspect of an allegation of a pattern of racketeering activity than we consider here—specifically, whether the state was required to elect, and plead, the factors that connected the predicate acts as a *pattern* of racketeering activity. After the legislature enacted ORS 166.720(6), *Fair* was reversed by the Supreme Court. *Fair*, 326 Or at 491-92. The issue addressed in *Fair* is reflected in ORS 166.720(6)(c), which allows that the "distinguishing characteristic or characteristics" that "interrelate the incidents of racketeering activity" can be pleaded "in the language of [the statute, defining a 'pattern of racketeering activity,'] ORS 166.715(4)." Legislative history contains no discussion of the pleading requirements set out in the other paragraphs, including ORS 166.720(6)(a).

does not apply at all. The state argues that we should interpret ORS 166.720(6) to exclude inchoate charges brought under ORS 166.720(4) for multiple reasons—principally that, according to the state, the text, context, and legislative history of the statute show that the pleading requirements of ORS 166.720(6) apply only to an allegation of a *completed* pattern of racketeering activity.

The question is one of statutory interpretation, which we resolve under the framework of *PGE v. Bureau of Labor and Industries*, 317 Or 606, 859 P2d 1143 (1993), and *State v. Gaines*, 346 Or 160, 206 P3d 1042 (2009). Our task is to discern the legislature's intent, which we do by examining the statute's text, context, and any legislative history that we find pertinent to the analysis. *Gaines*, 346 Or at 171-72. We begin our analysis with the statutory text because it is "the best evidence of the legislature's intent." *PGE*, 317 Or at 610.

By its terms, ORS 166.720(6) applies to "an allegation of a pattern of racketeering activity": "An allegation of a pattern of racketeering activity is sufficient if it contains substantially the following * * *." No text in that subsection, or anywhere else in the statute, limits the provision's application. Under the plain meaning of the statute's text, then, the heightened pleading standard applies to *any* allegation of "a pattern of racketeering activity." The amended indictment in defendant's case alleges that he and codefendants conspired or endeavored under ORS 166.720(4) to conduct or participate in a criminal enterprise through "a pattern of racketeering activity consisting of theft" in violation of ORS 166.720(3). Accordingly, the indictment in defendant's case includes "[a]n allegation of a pattern of racketeering activity."

Indeed, in this case, it is impossible for the state to prove under ORS 166.720(4) that defendant "conspire[d] or endeavor[ed] to violate" subsection (3) without also proving some conspiracy to engage in or attempt to engage in a "pattern of racketeering activity." That is, the state is required to prove that the thefts defendant was alleged to have conspired or endeavored to commit were, in fact, "a

pattern of racketeering activity," and not simply a series of unrelated or disconnected thefts. To do so, the state had to prove that defendant planned or attempted to commit at least two thefts, that those thefts had "the same, or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise," and, additionally, that the intended thefts were "not isolated incidents." ORS 166.715(4) (defining "pattern of racketeering activity" as "engaging in at least two incidents of [certain enumerated offenses, including theft,] that have the same or similar intents, results, accomplices, victims or methods of commission, or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents"). A conviction in defendant's case required proof of "a pattern of racketeering activity." Accordingly, under the plain meaning of the statute's text, the conspiracy or attempt allegation under ORS 166.720(4) in the amended indictment against defendant is subject to the specific pleading requirements of ORS 166.720(6).

The state's argument that ORS 166.720(6) applies only to completed offenses, which we consider in more detail below, asks us to read ORS 166.720(6) to include a word that is not currently there—that is, that the pleading requirements of subsection (6) apply only to "[a]n allegation of a [*completed*] pattern of racketeering activity." That construction is not supported by persuasive argument or convincing evidence of legislative intent, and it contravenes a fundamental rule of statutory construction: "In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted[.]" ORS 174.010; *see also State v. Patton*, 237 Or App 46, 50-51, 238 P3d 439 (2010), *rev den*, 350 Or 131 (2011) ("We are prohibited, by statutory command and by constitutional principle, from adding words to a statute that the legislature has omitted.").

We turn to consider the state's argument in more detail. First, the state argues, among other things, that, because an allegation under ORS 166.720(4) does not require

proof of a completed "pattern of racketeering activity," therefore "a pattern of racketeering activity" was not "a material element of the offense" in defendant's case and did not have to be specifically pleaded in the amended indictment. In support, the state relies on *State v. Adams*, 91 Or App 24, 28, 754 P2d 1 (1988), in which we held that "[a]n indictment or information charging conspiracy to commit first degree arson need not allege all the elements of arson in the same detail as required in an arson information." As we have already discussed, the charge in defendant's case, however, *did* require proof of "a pattern of racketeering activity." Furthermore, the state also misconstrues what a "material" or "essential" element is under Oregon law. "An indictment fails to state facts constituting an offense when it fails to allege each of the essential elements of the offense." *State v. Wimber*, 315 Or 103, 109, 843 P2d 424 (1992); *see also State v. Maxwell*, 165 Or App 467, 477, 998 P2d 680 (2000), *rev den*, 334 Or 632 (2002) (stating the same, but using the term "material" elements). "Whether an element is essential or material depends upon whether the word can be struck from the indictment without rendering the pleading vulnerable to demurrer on the ground that it no longer states a crime." *Burnett*, 185 Or App at 413-14 (internal quotation marks omitted).

As noted previously, a charge under ORS 166.720(4) necessarily incorporates the elements of one of the first three subsections to state an offense. In the present case, the charge incorporated subsection (3). "The essential elements of [ORS 166.720(3)] consist of: (1) a defendant's direct or indirect participation (2) in a pattern of racketeering activity (3) as part of an enterprise." *Kotera v. Daioh Int'l U.S.A. Corp.*, 179 Or App 253, 278, 40 P3d 506 (2002). Striking the phrase "pattern of racketeering activity" from an indictment under ORS 166.720(3)—or under ORS 166.720(4) for conspiring or endeavoring to violate ORS 166.720(3)—would "render[] the pleading vulnerable to demurrer on the ground that it no longer states a crime." *Burnett*, 185 Or App at 413-14 (internal quotation marks omitted).

Additionally, the state's reliance on *Adams* is misplaced. *Adams* construed a conspiracy charge under ORS

161.450,[6] Oregon's general conspiracy provision. 91 Or App at 26. However, defendant was not charged under that general conspiracy statute with conspiring to commit racketeering; defendant was charged with a substantive racketeering offense under the inchoate provision specific to ORICO, ORS 166.720(4). The critical difference, of course, is that ORS 166.720 contains specific pleading requirements that ORS 161.450 does not. Arguing, as the state does, that the amended indictment would have been sufficient under the rules applicable to the general conspiracy statute, ORS 161.450, does not explain why, when defendant was charged under ORS 166.720, the more specific provision in ORS 166.720(6) should not apply; it simply sidesteps the question altogether.

The state raises a second argument, in which it contends that, because ORS 166.720(6) "requir[es] for example, that the dates of the acts be alleged," it must refer only to "completed acts of racketeering activity." We understand the state's argument to be that, because an inchoate charge does not require that the racketeering activity have been completed, a requirement that the state plead the specific dates on which the "pattern of racketeering activity" was "committed" must mean that the pleading requirement does not apply to an inchoate offense under ORS 166.720(4). We are not to read a statute out of context so as to produce an unworkable or absurd result, or counteract the legislature's clear intention. *See State v. Vasquez-Rubio*, 323 Or 275, 282, 917 P2d 494 (1996) (where a court is considering two or more plausible constructions of an ambiguous statute, a court may apply "the statutory maxim that we should avoid a literal application of the statutory text if it will produce an absurd result"). *But see Folkers v. Lincoln County School Dist.*, 205 Or App 619, 627, 135 P3d 373 (2006) ("Where, as here, the legislature's intent is clear from the statutory text and context, we cannot subvert the plain meaning of the statute to avoid 'absurd results.'"). A literal application of the text of ORS 166.720(6), which applies the heightened pleading requirements without exclusion to any "allegation

---

[6] ORS 161.450 states, in part, that "[a] person is guilty of criminal conspiracy if * * * the person agrees with one or more persons to engage in or cause the performance of" a felony or Class A misdemeanor offense.

of a pattern of racketeering activity" under ORICO, including an inchoate charge under ORS 166.720(4), does not, however, present an absurd or unworkable result.

The pleading requirement relating to the date of a predicate act that the state refers to is under ORS 166.720(6)(b) and states that an allegation of "a pattern of racketeering activity" is sufficient if it contains a "statement of the relation to each incident of racketeering activity that the conduct was committed on or about a designated date, or during a designated period of time." At the outset, the wording of ORS 166.720(6)(b) is grammatically confusing. Regardless, we are not required to conclusively construe ORS 166.720(6)(b) in this case. For our purposes in considering the state's argument, we assume without deciding that, as the state argues, paragraph (6)(b) requires an allegation of a "pattern of racketeering activity" to include a statement that each predicate incident of racketeering activity was committed "on or about a designated date, or during a designated period of time."[7] Under the facts of this case, the state would have no trouble pleading with particularity both the individual thefts the state intended to prove as the predicate acts and the "designated period of time" during which those offenses occurred.

We are confident in that conclusion because the state *did*, in the original indictment, plead with particularity each of the predicate theft offenses and included for each offense a statement of the time period during which it was alleged to have occurred. For the racketeering count, the original indictment alleged that defendant and the codefendants were associated with "an enterprise," and did "unlawfully and knowingly conduct and participate * * * in such an enterprise through a pattern of racketeering activity, which consisted of incidents * * * which are more particularly set forth as follows[.]" The original indictment then listed 22 offenses, including 12 incidents of theft, that it alleged as predicate acts for the pattern of racketeering activity. For each predicate offense, the state pleaded a date range during

---

[7] Defendant's arguments, both below and on appeal, and his assignment of error, all relate to the state's failure to plead the predicate acts of the alleged pattern of racketeering activity, in violation of ORS 166.720(6)(a). Defendant does not allege error based on the state's failure to plead a date or time period for those predicate offenses, as may be required by ORS 166.720(6)(b).

which it was alleged to have occurred, as well as additional details.

We acknowledge that, in the hypothetical case where the state brings a charge under ORS 166.720(4) based on an incomplete "pattern of racketeering activity," the apparent date or date-range requirements of paragraph (b) may make it more difficult to charge a defendant if the state does not know the specific date or dates for which the predicate offenses were planned. However, the ability to plead a more general "designated *period* of time" eases that burden significantly. ORS 166.720(6)(b) (emphasis added). Ultimately, the fact that compliance with ORS 166.720(6)(b) may, in some cases, be difficult, is not sufficient evidence that the legislature, without explicitly saying so, intended the pleading standard to apply only to *completed* patterns of racketeering activity, or that it intended to exclude entirely charges brought under ORS 166.720(4). "If the legislature has chosen language that creates unexpected and unintended results, the legislature can amend the statute to express its actual intent. It is not the function of a court to insert language that should have been added and ignore language that should have been omitted." *Cole v. Farmers Ins. Co.*, 108 Or App 277, 280, 814 P2d 188 (1991) (citing ORS 174.010).

Lastly, the state argues that legislative history shows that ORS 166.720(6) was drafted to address a different pleading issue than the one at the center of this case, and was not intended to "create a pleading requirement applicable to other portions of the statute." The legislative history underlying ORS 166.720(6) confirms only the former assertion—that is, the addition of subsection (6) was motivated by concerns over an unrelated pleading issue. However, nothing in our review of the legislative history supports the assertion that the legislature intended ORS 166.720(6) to apply only to an allegation of a *completed* "pattern of racketeering activity," or to exempt ORS 166.720(4) from its requirements.

In sum, the plain language of ORS 166.720(6) requires that "[a]n allegation of a pattern of racketeering activity" meet certain pleading requirements, including that

it state "the acts constituting each incident of racketeering activity." ORS 166.720(6)(a). We agree with defendant that the amended indictment contains "an allegation of a pattern of racketeering activity," and, under the plain language of the statute, the state was therefore required to allege "the acts constituting each incident of racketeering activity." Because, unlike the original indictment, the amended indictment in defendant's case did not comply with that requirement, it was deficient, and the trial court therefore erred in denying defendant's demurrer and motion in arrest of judgment.

Reversed and remanded.