FLYNN, J.
*569 **760 This case requires us to construe a pleading requirement that is unique to indictments charging a violation of the Oregon's Racketeer Influenced and Corrupt Organization Act (ORICO), ORS 166.715 to 166.735. ORICO prohibits various forms of involvement with a "pattern of racketeering activity," including conspiring or endeavoring to participate in an "enterprise through a pattern of racketeering activity." ORS 166.720(3) and (4). The legislature has specified that, when an indictment charging an ORICO violation contains "an allegation of a pattern of racketeering activity," the indictment must include certain specific details regarding "each incident" of racketeering that makes up the alleged pattern. ORS 166.720(6).
The indictment at issue in this case charged defendant with "conspir[ing] and/or endeavor[ing]" to participate in an "enterprise through a pattern of racketeering activity consisting of theft." The parties agree that the indictment is insufficient under the standard set by ORS 166.720(6) -if it applies-but disagree about whether the indictment contains "an allegation of a pattern of racketeering activity" within the meaning of ORS 166.720(6). The Court of Appeals held that ORS 166.720(6) applies to the indictment and, because the indictment did not include the details that the statute requires, that the trial court erred in refusing to grant defendant's demurrer to the indictment. The state challenges that decision, contending that "an allegation of a pattern of racketeering activity," as used in ORS 166.720(6), refers to a charge based on incidents of racketeering activity that have actually occurred and not to a charge of conspiring or endeavoring to make that the activity occur, as alleged here. We allowed review to consider that question and now conclude that the Court of Appeals was correct. Accordingly, we affirm.[1]
**761 I. BACKGROUND
Before describing the pertinent facts, which are entirely procedural, we begin with a brief overview of the legal framework into which those facts fit.
A. Indictment Requirements, Generally
Both the Oregon Constitution and Oregon statutes address the requirements for an indictment. The constitution guarantees to every person accused of a crime the right to "demand the nature and cause of the accusation against him[.]" Or. Const., Art. I, § 11. More specific requirements for the contents of an indictment are set out in various Oregon statutes, including ORS 132.550, which provides in pertinent part:
"The indictment shall contain substantially the following:
"* * * * *
"(7) A statement of the acts constituting the offense in ordinary and concise language, without repetition, and in such manner as to enable a person of common understanding to know what is intended[.]"
Under those general standards, an indictment ordinarily is sufficient if it "tracks the pertinent wording of the statute defining the crime." State v. Fair , 326 Or. 485, 490, 953 P.2d 383 (1998).
B. A "Pattern of Racketeering Activity"
As we have previously explained, ORICO was modeled on and closely parallels the federal Racketeer Influenced and Corrupt Organizations Act statute, under which violations turn "on the multiplicity of crimes and the 'organized character' of those crimes, which together suggested that some form of organization was behind their commission." State v. Walker , 356 Or. 4, 18-19, 23 n. 9, 333 P.3d 316 (2014). Through the ORICO statutes, the 1981 legislature made it unlawful to *570 engage in a broad variety of conduct including, as pertinent to this case, participating in an "enterprise through a pattern of racketeering activity," or conspiring or **762 endeavoring to do so. Or. Laws 1981, ch. 769, §§ 3, 4; ORS 166.720(3), (4).[2]
To understand the issue that this case presents, it is important to understand the concept of a "pattern of racketeering activity," so we turn to the various definitions that illuminate that concept.
"Racketeering activity" is any one of an identified list of crimes, often called "predicate offenses" or "predicate acts." The term is defined in part as follows:
" 'Racketeering activity' *** means to commit, to attempt to commit, to conspire to commit, or to solicit, coerce or intimidate another person to commit:
"(a) Any conduct that constitutes a crime, as defined in ORS 161.515, under any of the following provisions of the Oregon Revised Statutes:
"* * * * *
"(K) ORS 164.015, 164.043, 164.045, 164.055, 164.057, 164.075 to 164.095, 164.098, 164.125, 164.135, 164.140, 164.215, 164.225 and 164.245 to 164.270, relating to theft, burglary, criminal trespass and related offenses[.]"
ORS 166.715(6)(a)(K).
If there are multiple incidents of "racketeering activity," then those incidents may form a "pattern of racketeering activity." A "pattern of racketeering activity" means engaging in at least two incidents (predicate offenses) that are "interrelated by distinguishing characteristics, including a nexus to the same enterprise." ORS 166.715(4). In addition, to constitute a "pattern," the racketeering offenses must not **763 be isolated incidents, and at least two of the offenses must occur within five years of each other. Id.[3]
In 1997, the legislature added the ORICO-specific pleading requirement that is at issue in this case. Or. Laws 1997, ch. 789, § 2. That pleading requirement, now codified at ORS 166.720(6), applies to an ORICO indictment that contains an "allegation of a pattern of racketeering activity." It requires the state to plead specific details about the incidents that make up the alleged "pattern of racketeering activity," including a "statement of the acts constituting each incident of racketeering activity in ordinary and concise language," a statement of the date or period of time for each incident, a statement "designating which distinguishing characteristic or characteristics interrelate the incidents of racketeering activity," and a "statement that the incidents alleged were not isolated." ORS 166.720(6).
C. Procedural Facts
Defendant, along with codefendant Holloway and three others, was originally indicted on 22 counts. Twenty-one of the 22 counts alleged that the defendants had committed crimes of theft and criminal mischief against multiple victims over the course of a year. The remaining count alleged a violation of ORICO in the language of ORS 166.720(3), with a description of the individual, completed incidents of which the "pattern of racketeering activity" consisted. Each of the incidents was identified with particularity as to date range, offense, and victim. It is undisputed that the state's original indictment complied with the pleading requirement of ORS 166.720(6).
*571 The grand jury later issued an amended indictment, the one at issue in this case. Where the original indictment had charged the defendants with 22 counts of completed theft and criminal mischief plus an ORICO violation under **764 ORS 166.720(3), based on the completed incidents of racketeering, the new indictment charged only one count of a "conspire or endeavor" ORICO violation under ORS 166.720(4). And where the original indictment identified with particularity the individual incidents of racketeering activity, the new indictment merely alleged a "pattern of racketeering activity consisting of theft." Specifically, the amended indictment alleged that, "on or between June 1, 2010 and March 31, 2011 in Klamath County," defendants:
"did knowingly conspire and/or endeavor to be employed by or associated with an enterprise, consisting of [the named defendants,] and to conduct and/or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity consisting of theft."
Before trial, defendant and Holloway filed demurrers to the amended indictment. See ORS 135.610 - 135.700 (describing the process of a demur to challenge an indictment). They argued that the indictment had to be dismissed because it failed to contain the specific details regarding "each incident" of racketeering that ORS 166.720(6) requires. The trial court denied the demurrers because it construed the pleading requirement of ORS 166.720(6) to apply only to charges of a completed "pattern of racketeering activity," not to charges based on conspiring or endeavoring to participate in an enterprise through a "pattern of racketeering."[4]
The state presented evidence at trial that defendant and his codefendants agreed to steal-and did steal-metal items from area farms and sell them as scrap metal through a landscaping business with which defendant and his codefendants were all associated. It is undisputed on appeal that defendant and codefendants participated in thefts at several area farms and sold some of the stolen property to a scrap metal company. A jury found defendant and codefendant Holloway guilty of the charged count of racketeering, and the defendants renewed their challenge to the indictment through a post-trial motion. The trial court again rejected the argument and entered judgments of conviction.
**765 Defendants Stout and Holloway both appealed their convictions to the Court of Appeals and assigned error to the trial court's refusal to dismiss the indictment. As noted above, the Court of Appeals reversed. State v. Stout , 281 Or. App. 263, 382 P.3d 591 (2016), rev. allowed , 360 Or. 752, 388 P.3d 721 (2017). The court described the issue before it as whether the pleading standards that ORS 166.720(6) prescribes for a "pattern of racketeering activity" apply to an allegation of "an inchoate ORICO crime"-an ORICO violation without a completed pattern of racketeering activity.[5] 281 Or. App. at 266, 382 P.3d 591. The court reasoned that the text of the subsection is not limited to "[a]n allegation of a [completed ] pattern of racketeering activity" and applies equally to an indictment alleging an ORICO violation based on conspiring or endeavoring to violate one of the other provisions of ORICO. Id. at 271, 382 P.3d 591 (brackets and emphasis in original).
II. DISCUSSION
We allowed the state's petition for review to address a single issue: whether the pleadings standard of ORS 166.720(6) applies to all indictments that allege an ORICO violation based on a "pattern of racketeering activity" or whether it excludes indictments that allege a "conspire or endeavor" ORICO violation based on an intended "pattern of racketeering activity" that may never be *572 completed. That question is one of statutory construction, which requires us to determine the legislature's intention when it enacted the statute. See State v. Gaines , 346 Or. 160, 171-72, 206 P.3d 1042 (2009). We determine the legislature's intention by reviewing the statutory text and context, while giving appropriate weight to any pertinent legislative history. Id .
For convenience, we set out the statutory text in full:
"An allegation of a pattern of racketeering activity is sufficient if it contains substantially the following:
**766 "(a) A statement of the acts constituting each incident of racketeering activity in ordinary and concise language, and in a manner that enables a person of common understanding to know what is intended;
"(b) A statement of the relation to each incident of racketeering activity that the conduct was committed on or about a designated date, or during a designated period of time;
"(c) A statement, in the language of ORS 166.715 (4) or other ordinary and concise language, designating which distinguishing characteristic or characteristics interrelate the incidents of racketeering activity; and
"(d) A statement that the incidents alleged were not isolated."
ORS 166.720(6).
A. The Parties' Arguments
Defendant argues that the plain language of the statute broadly applies to any indictment alleging an ORICO violation based on a "pattern of racketeering."[6] Because the indictment in this case alleged that the defendants had conspired or endeavored to conduct or participate in an enterprise "through a pattern of racketeering activity," defendant contends that the Court of Appeals correctly concluded that the indictment must be dismissed for failing to satisfy the pleading standard set out in ORS 166.720(6).
The state counters that the pleading requirement of ORS 166.720(6) applies only when the state charges an ORICO violation based on completed incidents of racketeering under ORS 166.720(1) - (3), and not when the state charges a "conspire or endeavor" ORICO violation under subsection (4).[7] The state's position rests on the premise **767 that there are significant distinctions between a violation of ORICO based on conspiracy and a violation based on other prohibited conduct. According to the state, a charge that a defendant violated ORICO by "conspir[ing] and/or endeavor[ing]" to participate in an enterprise through a "pattern of racketeering activity"-as the indictment alleged here-does not require that the intended "pattern of racketeering activity" actually occur, so it should not require proof (or pleading) of the details that would be required for a violation based on a completed pattern of racketeering activity. Because the state's statutory construction argument depends upon the premise that proof of a conspiracy-based ORICO violation does not require proof of completed incidents of racketeering activity, we begin by considering that premise.
B. Elements of Conspiracy and ORICO Conspiracy
The premise of the state's argument is complex and builds on general conspiracy law. Although ORICO contains no definition of the term "conspire," existing conspiracy case law and an existing conspiracy statute *573 provide context for what the 1981 legislature intended when it expressly made it unlawful for any person to "conspire" to violate one of the substantive provisions of ORICO. See State v. Ofodrinwa , 353 Or. 507, 512, 300 P.3d 154 (2013) ("The context for interpreting a statute's text includes '*** the statutory framework within which the law was enacted.' " (Quoting Klamath Irrigation District v. United States , 348 Or. 15, 23, 227 P.3d 1145 (2010).) ).
Since 1971, the Oregon Criminal Code has included a general crime of conspiracy that is complete upon the agreement to commit specific criminal conduct, even if the agreed-upon conduct never occurs. That general conspiracy statute provides, in pertinent part:
**768 "A person is guilty of criminal conspiracy if with the intent that conduct constituting a crime punishable as a felony *** be performed, the person agrees with one or more persons to engage in or cause the performance of such conduct."
ORS 161.450(1). As the text of ORS 161.450(1) suggests, the crime of conspiracy is complete with the act of agreeing and the intent that the criminal conduct occur. See State v. Brewer , 267 Or. 346, 350, 517 P.2d 264 (1973) (explaining that the 1971 conspiracy statute omitted any requirement of proof of an overt act in furtherance of the conspiracy).
The state maintains that an ORICO conspiracy incorporates that general conspiracy standard, and we agree. The legislature adopted ORICO against the statutory background that clearly made conspiracy a crime that is complete before-and regardless of whether-the agreed-upon crime or crimes occur. Nothing in the text of ORICO or its legislative history suggests that the legislature intended a different meaning for the term "conspire" in ORS 166.720(4). Thus, we conclude that the legislature intended ORICO conspiracy, like conspiracy generally, to be a crime that is complete before-and regardless of whether-the intended pattern of racketeering actually occurs. In other words, ORICO draws a distinction between the first three categories of prohibited conduct, which involve a completed pattern of racketeering activity, and the fourth category, ORICO conspiracy, which does not require a completed "pattern of racketeering activity."
C. ORS 166.720(6) Does Not Distinguish Between Completed and Future Patterns of Racketeering Activity
The state argues that ORS 166.720(6), like the substantive provisions of ORICO, draws on the same distinction between indictments that charge ORICO violations that are based on a completed pattern of racketeering activity and indictments that charge a "conspire or endeavor" ORICO violation, which does not require a completed "pattern of racketeering activity." Based on our examination of the text, context, and legislative history of the statute, however, we conclude that the legislature intended ORS 166.720(6) to apply to all ORICO indictments charging a **769 pattern of racketeering activity, whether or not the activity is completed.[8]
1. Text and Context
As we have repeatedly emphasized, the text and context of a statute are "the best indications of the legislature's intent." Walker , 356 Or. at 13, 333 P.3d 316. We begin our analysis of the text at issue here with the same observation the Court of Appeals made: On its face, the pleading requirement of ORS 166.720(6) is not limited to ORICO violations based on a "completed pattern of racketeering activity." Rather, the pleading requirement applies to "an allegation of a pattern of racketeering activity." Here, the amended indictment contains allegations, one of which is that defendants "conspire[d] *** to conduct and/or participate *** in [an] enterprise through a pattern of racketeering activity ." (Emphasis added.) Thus, *574 the amended indictment contains an allegation that, on its face, constitutes an "allegation of a pattern of racketeering activity."
The state, however, identifies several textual clues that-it contends-suggest the pleading requirement applies only to a completed "pattern of racketeering activity." In particular, the state notes: Subsection (6)(a) requires a statement "of the acts constituting each incident" of racketeering activity; subsection (6)(b) refers to "each incident" of racketeering activity, adding that the indictment must plead the date or date range during which the "conduct was committed"; and subsection (6)(d) requires a statement that the alleged incidents of racketeering "were " not isolated. Because those pleading requirements are phrased in a way that grammatically describes completed acts, and because conspiracy does not require completed acts, the state concludes that the legislature intended the pleading requirements to not apply to a "conspire or endeavor" ORICO violation.
**770 It is true that verb tense often serves to indicate legislative intent. See State v. Gonzalez-Valenzuela , 358 Or. 451, 466-67, 365 P.3d 116 (2015) (discussing tenses and ambiguity of meaning). In this context, however, verb tense is not dispositive. ORICO, like all criminal statutes, focuses on the elements of the completed offense. The first three subsections of ORS 166.720 set out three different categories of racketeering offenses, all of which involve a completed "pattern of racketeering activity." ORS 166.720(1) - (3). It is, thus, unsurprising that, when the legislature drafted subsection (6) to address the pleading requirements for ORICO generally, it did so using verb tenses that are appropriate for completed incidents of racketeering activity. In that context, the legislature's failure to phrase the requirements using multiple verb tenses-such as by making subsection (6)(a) require a statement of "the acts constituting, or that if committed would have constituted, each incident" of racketeering activity-is not a strong basis on which to rest a conclusion that the legislature intended to exclude from the requirements of ORS 166.720(6)"conspire or endeavor" ORICO indictments.
Moreover, as defendant argues, the significance of the past-tense verbs is plausibly reduced by the text specifying that the indictment must "substantially" comply with the pleading requirements. An allegation of the date range during which the intended incidents of racketeering "were" to be committed and an allegation that they "were" intended to be not isolated incidents of racketeering strike us as allegations that "substantially" comply with the requirements of ORS 166.720(6)(b) and (d).
2. Legislative History
The legislative history of ORS 166.720(6) confirms that the legislature did not intentionally exclude conspiracy-based ORICO indictments from the scope of ORS 166.720(6). That history shows that the legislature enacted ORS 166.720(6) to create a clear standard for determining whether an ORICO indictment contains a sufficiently pleaded allegation of a pattern of racketeering activity. It was prompted to do so in response to a decision of the Court of Appeals, **771 State v. Fair , 145 Or. App. 96, 100-01, 929 P.2d 1012 (1996), rev'd , 326 Or. 485, 953 P.2d 383 (1998), which construed the allegations of an ORICO indictment as insufficient to survive a demurrer. Fair , however, had only been the latest of several Court of Appeals decisions addressing the requirements for a sufficient ORICO indictment. Before discussing the actions of the legislature in 1997, we first describe the Court of Appeals cases that created the backdrop against which the 1997 legislature enacted ORS 166.720(6).
Prior to 1997, ORICO indictments were subject to the general standard described at the beginning of this opinion: the requirement of ORS 132.550(7) that the indictment include "[a] statement of the acts constituting the offense in ordinary and concise language." In State v. Romig , 73 Or. App. 780, 700 P.2d 293 (1985), the first decision to address a challenge to an ORICO indictment, the Court of Appeals upheld an indictment charging a completed ORICO offense under that general sufficiency standard of ORS 132.550(7). The court noted that the indictment in Romig not only tracked the text of *575 ORICO, but also "precisely allege[d] the nature of" each predicate offense. Id . at 789, 700 P.2d 293.
The next year, the Court of Appeals held that "an ORICO indictment must allege the predicate offenses with at least as much specificity" as the allegations of the indictment described in Romig . State v. Kincaid , 78 Or. App. 23, 30-31, 714 P.2d 624 (1986). In Kincaid , the state had indicted the defendant for a completed ORICO violation but alleged only that the defendant committed "a pattern of racketeering activity, to-wit: thefts in the first degree." Id. at 25-26, 714 P.2d 624. The defendant contended that the indictment was insufficient because it failed to identify the incidents of theft that the state intended to prove for the pattern of racketeering activity, and the Court of Appeals agreed. Id . at 26, 31, 714 P.2d 624.
In so concluding, the Court of Appeals relied significantly on a prior holding of this court in State v. Sanders , 280 Or. 685, 572 P.2d 1307 (1977). In Sanders , this court had observed that it was ordinarily sufficient for an indictment to describe the offense in the words of the statute, but that
"[s]ometimes *** a statement of the particular circumstances of the crime is necessary in order to charge the **772 defendant with having committed specific acts bringing him within the condemnation of the statute, and in those cases the indictment must be direct and certain as to such circumstances."
Id. at 688, 572 P.2d 1307 (internal quotation marks and citation omitted). The Court of Appeals in Kincaid concluded that those concerns were particularly relevant to ORICO prosecutions, because of the amorphous nature of the offense:
"ORICO cases, or at least this ORICO case, consist of multiple episodes in an ongoing pattern, and any two of those episodes can be selected by the prosecution-and the factfinder-as the basis for convicting the defendant. It is manifest to us that the defendant has the right to be informed of all the specific episodes from which the prosecution can make its selection."
Kincaid , 78 Or. App. at 29-30, 714 P.2d 624.
Finally, the Court of Appeals issued its decision in Fair . In that case-again involving a completed pattern of racketeering activity-the indictment had described the predicate offenses, but it had not identified the exact relationship that the state contended existed between the offenses. The court observed that a "pattern of racketeering activity" requires that the predicate offenses may satisfy the "interrelated" requirement in any one of at least six different relationships. Fair , 145 Or. App. at 100, 929 P.2d 1012 (same or similar intents, results, accomplices, victims, methods of commission, or some other characteristic). The Court of Appeals concluded that-unless the relationship was self-evident from the allegations-the indictment had to identify which of those six relationships it intended to prove at trial. Id. at 101-02, 929 P.2d 1012.
Those decisions are a key part of the context in which the 1997 legislature acted to adopt the pleadings standard now found in ORS 166.720(6). The state emphasizes that the legislative history shows the legislature intended to address Fair . See Staff Measure Summary, Senate Committee on Rules and Elections, HB 3357, June 13, 1997 (reciting as "background" that the bill "addresses the court's decision in" Fair ); Staff Measure Summary, House Committee on Judiciary, HB 3357 A, May 29, 1997 (explaining, "[t]he **773 provision, establishing requirements for an allegation of a pattern of racketeering activity, addresses [ Fair ]").[9] The legislative history also shows, however, that the new pleading requirement had a broader purpose. First, if the legislature had intended only to address Fair 's requirement that the state must plead the relationship between predicate offenses, it needed only to adopt ORS 166.720(6)(c), which addresses the relationship between the alleged incidents by requiring "[a] statement, in the language of ORS 166.715(4) or other ordinary and concise language, designating which distinguishing characteristic *576 or characteristics interrelate the incidents of racketeering activity." Instead, the measure also required indictments to allege specific details regarding the nature of the incidents of racketeering activity that make up a "pattern." See ORS 166.720(6)(a) and (d). Those details are similar to the details that Kincaid concluded must be included for a sufficient ORICO indictment. 78 Or. App. at 29-30, 714 P.2d 624.
Moreover, legislators considering the measure were repeatedly told that the purpose of the pleading change was to clarify, comprehensively, what details an ORICO indictment needed to include **774 for an "allegation of a pattern of racketeering activity." In particular, Assistant Attorney General Rocklin stated in written testimony that the pleading requirements in the bill would
"clarify what allegations must be included in an accusatory instrument to charge a 'pattern of racketeering activity.' "
Testimony, House Committee on Judiciary, Subcommittee on Criminal Law, HB 3357-1, May 27, 1997, Ex. L, at 5. See also Tape Recording, House Judiciary Committee Criminal Law Subcommittee, HB 3357, May 27, 1997, Tape 130, Side A (statement of Deputy District Attorney Chuck French) ("We simply want this bill to clarify what the pleading structure is, and the pleading necessity is, for a racketeering charge."); Staff Measure Summary, House Judiciary Committee, HB 3357, May 29, 1997 (measure "[e]stablishe[d] requirements for an allegation of a pattern of racketeering activity"). From such clues as are available, we believe that the history reveals a broader effort to address pleading in ORICO generally.
Nothing in the legislative history indicates an intention to exclude ORICO conspiracy indictments from the legislature's effort to "clarify" the requirements for a sufficient ORICO indictment. We are cautious, of course, about drawing significant inferences from legislative silence, but in this case the silence is significant. See State v. Rainoldi , 351 Or. 486, 492-93, 268 P.3d 568 (2011) (while legislative silence can give rise to competing inferences, it sometimes does serve as evidence of legislative intent). The state's construction of ORS 166.720(6) presumes that the legislature affirmatively intended those pleading requirements to apply only to completed offenses, and different pleading requirements to apply to a "conspire or endeavor" offense of ORS 166.720(4). If the legislature, in fact, intended to limit the reach of the statute in that way, we would expect to find some evidence of that intention beyond a few uses of past-tense verbs.
D. Applying ORS 166.720(6) to Conspiracy Does not Impair the State's Ability to Prove ORICO Conspiracies
The state's final argument is that construing ORS 166.720(6) to apply to ORICO-conspiracy indictments produces an "absurd result" because it "significantly impairs the state's ability to prosecute conspiracies" in which the intended pattern of racketeering activity never occurs. That is so, according to the state, because some of the details that ORS 166.720(6) requires the state to plead regarding the incidents of racketeering activity are details that need not be agreed upon for there to be a conspiracy. For example, if coconspirators agreed to participate in an enterprise through a pattern of racketeering consisting of bank robberies and agreed and intended that each participant would contribute to the enterprise through separately committing bank robberies over the coming months, then the nature of ORICO conspiracy would permit the state to charge an ORICO violation, even if the coconspirators were arrested before any had settled on the dates or particular locations of **775 the banks they would rob. The state contends, however, that it would be unable to charge that type of conspiracy-based ORICO offense if ORS 166.720(6) applies to the indictment because it would be unable to fully satisfy the pleading requirements of ORS 166.720(6) for racketeering incidents that never occur. We do not agree that the pleading requirements of ORS 166.720(6) cause that result.
A charge of ORICO conspiracy under ORS 166.720(4) does not absolve the state of the duty to prove that the intended conduct would constitute a "pattern of racketeering activity." Although, as discussed, an ORICO conspiracy charge does not require *577 proof of an overt act toward completing the intended pattern of racketeering activity, the state remains obligated to prove that the crimes that are contemplated by the conspirators' agreement would constitute a "pattern of racketeering activity," in every aspect of the statutory definition. That is, the state must prove that the defendants agreed to cause the performance of at least two of listed racketeering crimes and that those intended crimes would be interrelated by distinguishing characteristics, would be not isolated incidents, and would be committed in a time frame that satisfies the statutory definition of a "pattern of racketeering activity." ORS 166.715(4). We recognize that an agreement to engage in a pattern of racketeering activity may lack some of the detail and specificity that would exist for a completed pattern of racketeering activity, and the indictment cannot plead details that do not exist. In order for an indictment "substantially" to contain the details required by ORS 166.720(6), however, the indictment must allege, to the extent reasonably feasible, those circumstances that will prove that the agreement-if carried out-would have resulted in a completed pattern of racketeering activity.[10]
We emphasize that, in incorporating into ORS 166.720(6) the pleading specificity demanded by the Court **776 of Appeals in Kincaid , the legislature effectively accepted that court's conclusion that an indictment sufficiently charging an ORICO offense must include a degree of specificity that indictments charging some other offenses do not. The concerns about sufficient notice that underlie the Court of Appeals' conclusion in Kincaid are at least as significant when the state seeks to prove an ORICO violation consisting entirely of an agreement, without any overt act to help narrow the possible theories of proof: Given the amorphous nature of ORICO, a violation can "consist of multiple episodes in an ongoing pattern, and any two of those episodes can be selected by the prosecution-and the factfinder-as the basis for convicting the defendant." Kincaid , 78 Or. App. at 29-30, 714 P.2d 624. Thus, an ORICO offense is the type of offense that we described in Sanders as necessitating "a statement of the particular circumstances of the crime * * * in order to charge the defendant with having committed specific acts bringing him within the condemnation of the statute." Sanders , 280 Or. at 688, 572 P.2d 1307. For an ORICO offense, those circumstances are having conspired to cause incidents of racketeering to occur-and so "the indictment must be direct and certain as to such circumstances." See id .
III. CONCLUSION
We thus agree with the Court of Appeals that ORS 166.720(6) applies to indictments charging a conspiracy-based ORICO violation. Because it is undisputed that the state omitted from the amended indictment the details that ORS 166.720(6) requires, the trial court should have granted defendant's motion for a demurrer.
The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to that court for further proceedings.

This case involves the same facts and same legal issue as is presented in State v. Holloway , (S064522). We will use this opinion as the lead case to summarize the facts relevant to both cases and explain our resolution of the underlying issue, but we will issue a separate, brief opinion applying that resolution to defendant Holloway.

ORS 166.720 provides, in pertinent part:
"(3) It is unlawful for any person employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of racketeering activity *** [; and]
"(4) It is unlawful for any person to conspire or endeavor to violate any of the provisions of subsection[ ] *** (3) of this section."
Of the numerous elements identified in subsection (3), only the meaning of "pattern of racketeering activity" is at issue in this case.

ORS 166.715(4) provides, in pertinent part:
" 'Pattern of racketeering activity' means engaging in at least two incidents of racketeering activity that have the same or similar intents, results, accomplices, victims or methods of commission or otherwise are interrelated by distinguishing characteristics, including a nexus to the same enterprise, and are not isolated incidents, provided at least one of such incidents occurred after November 1, 1981, and that the last of such incidents occurred within five years after a prior incident of racketeering activity."

Although the trial court also indicated that the demurrer was untimely, the court emphasized that it was denying the demur on the merits, not on the timeliness basis.

The Court of Appeals assumed that an "endeavor" ORICO violation was comparable to an attempt to commit a substantive ORICO crime, see 281 Or. App. at 270, 382 P.3d 591, and the state endorses that meaning of the statute. We need not resolve here, however, how closely "endeavor" equates to "attempt." It is sufficient to note that the parties agree that an "endeavor" ORICO violation may also be charged based on actions that stop short of completing the intended "pattern."

There are ORICO offenses that do not require a "pattern of racketeering activity." They instead involve "the collection of an unlawful debt." See ORS 166.720(1) -(3).

We recognize that ORS 166.720(6) describes when an allegation is "sufficient," and that a description of details that are "sufficient" does not necessarily imply that the details are also required. In the context of indictments, however, Oregon law has long equated the term "sufficient" with an indictment that is minimally sufficient to avoid dismissal. See , e.g. , State v. Pachmayr , 344 Or. 482, 486, 185 P.3d 1103 (2008) (explaining that Oregon law, since 1908, distinguished between "allegations in an indictment that were necessary to make the indictment sufficient to charge a crime and other defects or imperfections that did not affect the sufficiency of the indictment."). Both parties understand ORS 166.720(6) to use the term "sufficient" in that way as well-as setting out "requirements" for a sufficient indictment-and we agree that is a reasonable construction of the statute.

An ORICO conspiracy case may include evidence that the agreed-upon pattern of racketeering activity was actually carried out, as the state's proof showed in this case. However, the amended indictment at issue here alleged only the prohibited agreement, without alleging that the intended pattern of thefts had been completed. We thus will address the issue as if there had only been a conspiracy-as if defendant and his codefendants had agreed to cause the pattern of racketeering activity in the future, but had been caught first.

The state understands the legislature to have enacted the language of ORS 166.720(6)(c) to overrule Fair 's requirement that an indictment allege the relationship between the predicate offenses. Whether that is the effect of ORS 166.720(6) is beyond the scope of this opinion.

Whether an indictment contains "substantially" the allegations that ORS 166.720(6) requires depends upon the nature of what the state intends to prove. If the state intends to prove completed incidents of racketeering, either as an element of the offense or as evidence of the existence of an agreement, it should be reasonably feasible for the state to plead the incidents of racketeering on which it intends to rely, at least in the alternative.