STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MARTY LIN HOLLOWAY,
*Defendant-Appellant.*

Klamath County Circuit Court
1101096CR; A157613

383 P3d 967

Kenneth A. Kreuscher argued the cause and filed the brief for appellant.

Joanna L. Jenkins, Assistant Attorney General, argued the cause for respondent. With her on the brief were Ellen F. Rosenblum, Attorney General, and Paul L. Smith, Deputy Solicitor General.

Before Sercombe, Presiding Judge, and Tookey, Judge, and DeHoog, Judge.

## TOOKEY, J.

Defendant appeals a judgment of conviction for one count of racketeering, ORS 166.720, under the Oregon Racketeer Influenced and Corrupt Organization Act (ORICO). ORS 166.715 - 166.735. In two combined assignments of error, defendant challenges the trial court's denial of his demurrer to the indictment and his motion in arrest of judgment. Defendant argues that, "when the state indicts a defendant for racketeering under the theory that the defendant conspired or endeavored to conduct or participate in an enterprise through a 'pattern of racketeering activity,'" the indictment is "subject to ORS 166.720(6)'s heightened pleading requirement for allegations of a pattern of racketeering activity."[1] We agree that the indictment was subject to the heightened pleading requirements of ORS 166.720(6) and, because the state failed to allege with particularity the individual thefts that defendant was accused of conspiring or endeavoring to commit, we reverse and remand.

The facts are undisputed. Defendant was involved in numerous thefts of farm equipment and metal wiring that were sold as scrap metal. Before trial, the state amended its indictment to charge defendant and three other codefendants with only one count of racketeering each and did not list any predicate offenses for the racketeering charge. Stout, a codefendant, demurred to the state's amended indictment, arguing that the amended indictment failed to meet the pleading requirements of ORS 166.720(6). Defendant joined in the demurer to the amended indictment. The trial court

---

[1] ORS 166.720(6) provides:

"An allegation of a pattern of racketeering activity is sufficient if it contains substantially the following:

"(a) A statement of the acts constituting each incident of racketeering activity in ordinary and concise language, and in a manner that enables a person of common understanding to know what is intended;

"(b) A statement of the relation to each incident of racketeering activity that the conduct was committed on or about a designated date, or during a designated period of time;

"(c) A statement, in the language of ORS 166.715(4) or other ordinary and concise language, designating which distinguishing characteristic or characteristics interrelate the incidents of racketeering activity; and

"(d) A statement that the incidents alleged were not isolated."

denied the demurrer, and, following a jury trial, defendant was found guilty of the one count of racketeering, ORS 166.720. At sentencing, defendant joined in a motion in arrest of judgment filed by Stout, reiterating the arguments relating to the demurrer. The trial court denied the motion in arrest of judgment for the same reasons that it had denied defendant's demurrer to the indictment.

On appeal, defendant reprises his argument regarding the heightened pleading requirements under ORS 166.720(6). In a separate appeal, Stout made the same argument to this court. In *State v. Stout*, 281 Or App 263, 275-76, 382 P3d 591 (2016), we reversed and remanded explaining that the trial court erred in denying Stout's demurrer to the indictment and motion in arrest of judgment:

> "[T]he plain language of ORS 166.720(6) requires that '[a]n allegation of a pattern of racketeering activity' meet certain pleading requirements, including that it state 'the acts constituting each incident of racketeering activity.' ORS 166.720(6)(a). We agree with defendant that the amended indictment contains 'an allegation of a pattern of racketeering activity,' and, under the plain language of the statute, the state was therefore required to allege 'the acts constituting each incident of racketeering activity.' Because * * * the amended indictment in defendant's case did not comply with that requirement, it was deficient, and the trial court therefore erred in denying defendant's demurrer and motion in arrest of judgment."

(Second brackets in *Stout*.) In light of our decision in *Stout*, the trial court erred in denying defendant's demurrer and motion in arrest of judgment.

Reversed and remanded.