FLYNN, J.
**853 Defendant Marty Lin Holloway has challenged his conviction under Oregon's Racketeer Influenced and Corrupt Organization Act (ORICO), ORS 166.715 to 166.735, for "conspir[ing] and/or endeavor[ing]" to participate in an "enterprise through a pattern of racketeering activity consisting of theft," in violation of ORS 166.720(3) and (4). Defendant asserts that his indictment was insufficient to survive a demurrer because it did not contain details that ORS 166.720(6) requires when an indictment includes "an allegation of a pattern of racketeering activity." The trial court ruled, and the state contends, that "an allegation of a pattern of racketeering activity," as used in ORS 166.720(6), refers to a charge based on incidents of racketeering activity that have actually occurred and not to a charge of conspiring or endeavoring to make that activity occur, as alleged here. The Court of Appeals concluded that the pleading requirements of ORS 166.720(6) also apply to indictments charging a "conspire or endeavor" ORICO violation and, because the indictment did not include the details that the statute requires, held that the trial court erred in refusing to grant defendant's demurrer to the indictment. State v. Holloway , 281 Or. App. 837, 383 P.3d 967 (2016). On review, we affirm the Court of Appeals for the reasons discussed in State v. Stout , 362 Or. 758, 415 P.3d 567 (2018).
We incorporate the facts and analysis that are set out in detail in Stout , but we offer the following brief summary. Defendant and the *2 defendant in Stout were charged in the same indictment with "conspir[ing] and/or endeavor [ing]" to participate in an "enterprise through a pattern of racketeering activity consisting of theft." Defendant and codefendant Stout both demurred to the indictment, arguing that it did not comply with the pleading requirements of ORS 166.720(6), but the trial court denied the demurrer. Defendant and Stout both were later convicted, unsuccessfully renewed their challenges to the indictment through post-trial motions, and then both appealed.
The Court of Appeals reversed and remanded both cases with instructions to dismiss the indictment. State v. Stout , 281 Or. App. 263, 382 P.3d 591 (2016) ;
**854 Holloway , 281 Or. App. at 839, 383 P.3d 967 (adopting reasoning of Stout ). We allowed the state's petitions for review in both cases, and, as explained in State v. Stout , 362 Or. at 760, 415 P.3d 567, we agree with the Court of Appeals that ORS 166.720(6) applies to the indictment charging Stout and Holloway with "conspir[ing] and/or endeavor[ing]" to participate in an "enterprise through a pattern of racketeering activity." Because it is undisputed that the state omitted from the amended indictment the details that ORS 166.720(6) requires, the trial court erred in denying defendant's motion for a demurrer.
The decision of the Court of Appeals is affirmed. The judgment of the circuit court is reversed, and the case is remanded to that court for further proceedings.