IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| THE STATE OF WASHINGTON, | ) | |
| | ) | No. 36618-9-III |
| Appellant, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| SHYANNE N. COLVIN, | ) | UNPUBLISHED OPINION |
| | ) | |
| Respondent. | ) | |

SIDDOWAY, J. — The State of Washington appeals the residential drug offender sentencing alternative (DOSA) sentence that Shyanne Colvin received for her conviction upon plea of guilty to delivery of a controlled substance (methamphetamine) including a special allegation that the offense occurred in a county jail. The State contends, and Ms. Colvin concedes, that the trial court erred in giving her a residential DOSA sentence that was accommodated by waiving a mandatory enhancement to reduce her standard sentencing range. We remand for a new sentencing hearing.

FACTS AND PROCEDURE

Ms. Colvin entered a guilty plea to a charge of delivery of a controlled substance (methamphetamine) and a corresponding special allegation that she or an accomplice committed the offense in a county jail and was subject to a mandatory 18-month sentence

enhancement pursuant to RCW 9.94A.533(5).[1]  Prior to this crime, Ms. Colvin had an

offender score of 1, based on a 2018 Idaho felony conviction for possession of a

controlled substance.  Given her offender score and the seriousness level of her current

crime, Ms. Colvin faced a standard sentence range of 12+ to 20 months, plus an 18-

month sentence enhancement.  Accordingly, her standard range was 30+ to 38 months.

By statute, the residential chemical dependency treatment-based DOSA is only available

if the midpoint of the standard range is 24 months or less.  RCW 9.94A.660(3).

In the plea agreement, the State agreed to recommend a low-end prison sentence

of 30 months and one day, followed by one year of supervision.  Prior to sentencing, the

trial court determined it would consider imposing a residential DOSA sentence.  On

January 29, 2019, the court entered an order for community residential DOSA screen and

pre-sentence examination.

At the February 4, 2019 sentencing hearing, defense counsel advised the court that

Ms. Colvin was amenable to treatment.  The court commented that it was glad Ms.

Colvin was taking a treatment option, at which point the deputy prosecutor clarified that

the State's recommendation was a standard range prison sentence.  The deputy prosecutor

acknowledged that this court's decision in *State v. Yancey*, 3 Wn. App. 2d 735, 418 P.3d

---

[1] Ms. Colvin has not appealed any aspect of her case.  Hence, the facts leading to her guilty plea and conviction with the enhancement are not critical to the issue raised in this appeal and are not further discussed.

157 (2018) (trial court had authority to waive sentence enhancements in order to grant a residential DOSA sentence), would allow for a residential DOSA in Ms. Colvin's case—but with the caveat that *Yancey* was on appeal to the Washington Supreme Court. The deputy prosecutor added that the State would not oppose a prison-based DOSA sentence.

The trial court commented that *Yancey* was controlling law at present. It then waived the 18-month county jail enhancement in order to meet the standard range midpoint requirements of RCW 9.94A.660(3), and granted Ms. Colvin a residential DOSA sentence. The court entered the judgment and sentence on February 4, 2019. Ten days later, the Supreme Court reversed this court's decision in *Yancey*. *State v. Yancey*, 193 Wn.2d 26, 34, 434 P.3d 518 (2019). The State promptly appealed Ms. Colvin's sentence.

## ANALYSIS

In *Yancey*, the Supreme Court addressed the relevant provisions of RCW 9.94A.660(3), and held

> [T]he statute is clear: the trial court may not "waive" sentence enhancements or portions of the base range to get a new range that is low enough to accommodate the residential-based DOSA's sentence length prerequisites.

*State v. Yancey*, 193 Wn.2d at 34. The Supreme Court remanded for a full, new resentencing hearing. *Id.* at 34-35.

3

No. 36618-9-III
*State v. Colvin*

Based on the Supreme Court's decision in *Yancey*, the State contends the trial court erred when it sentenced Ms. Colvin to a residential DOSA. Ms. Colvin concedes that *Yancey* controls and requires a remand for resentencing. We agree.

Ms. Colvin's standard range is 30+ to 38 months. The 34-month midpoint is greater than the 24-month maximum midpoint to qualify for a residential DOSA under RCW 9.94A.660(3). Accordingly, under *Yancey*, the trial court erred in waiving the 18-month county jail enhancement to accommodate Ms. Colvin's residential DOSA sentence.

The sentence is reversed and the matter remanded for a full, new resentencing hearing.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Siddoway, J.

WE CONCUR:

_____
Lawrence-Berrey, C.J.

_____
Korsmo, J.

4