Argued and submitted June 10, 2019; resubmitted en banc February 12; reversed and remanded June 10, 2020

CITY OF PORTLAND,
an Oregon municipal corporation,
*Plaintiff-Respondent,*

*v.*

Mark BARTLETT,
*Defendant-Appellant.*

Multnomah County Circuit Court
16CV01529; A164469

468 P3d 980

Defendant appeals from a judgment granting declaratory relief to plaintiff City of Portland. The trial court granted the city's motion for summary judgment, ruling that public records that defendant sought were exempt from disclosure because they were attorney-client privileged. The court also denied defendant's cross-motion for summary judgment that contended that the city must permit disclosure of the same public records under ORS 192.390, which provides that documents that are otherwise exempt from disclosure under certain provisions of Oregon public records law must be disclosed if they are more than 25 years old. Defendant appeals, assigning error to those rulings. *Held*: The trial court erred in granting summary judgment to the city. ORS 192.390 requires disclosure of attorney-client privileged public records that are older than 25 years old. Further, ORS 192.390 does not violate the city's home-rule authority under the Oregon Constitution. Finally, ORS 192.390 does not preempt PCC 3.10.060, a provision of Portland City Code that identifies the relationships between the city attorney and the city's various staff and agencies.

Reversed and remanded.

En Banc

Eric J. Neiman, Judge pro tempore.

Duane A. Bosworth argued the cause for appellant. Also on the briefs was Davis Wright Tremaine LLP.

Denis M. Vannier argued the cause and filed the brief for respondent.

Philip M. Thoennes filed the brief *amicus curiae* for League of Oregon Cities.

Before Egan, Chief Judge, and Armstrong, Ortega, DeVore, Tookey, DeHoog, Shorr, James, Aoyagi, Powers, Mooney, and Kamins, Judges.

SHORR, J.

Reversed and remanded.

Powers, J., dissenting.

**SHORR, J.**

Defendant appeals from a judgment granting declaratory relief to plaintiff City of Portland (city). The trial court granted the city's motion for summary judgment, ruling that public records that defendant sought were exempt from disclosure because they were attorney-client privileged documents. The court also denied defendant's cross-motion for summary judgment that contended that the city must permit disclosure of the same public records. Defendant appeals, assigning error to those rulings. Because we conclude that, in these circumstances, ORS 192.390 requires the disclosure of public records more than 25 years old, notwithstanding the exemption for privileged documents, we reverse and remand.

In Oregon, "[e]very person has a right to inspect any public record of a public body in this state, except as otherwise expressly provided by ORS 192.338, 192.345 and 192.355." ORS 192.314.[1] Defendant submitted a public records request to the city, seeking release of four documents that were all created more than 25 years ago: three city attorney opinions and one memorandum from then-city attorney Jeffrey Rogers to then-Mayor Bud Clark and then-City Commissioners Lindberg and Bogle. The city denied defendant's request, asserting attorney-client privilege under OEC 503 and contending that the documents were therefore exempt from disclosure under ORS 192.355(9)(a). Defendant then petitioned the Multnomah County District Attorney to review the city's denial of his request and to order the disclosure of the records.[2] The district attorney issued an order granting defendant's petition and ordering the city to promptly disclose the records. The district attorney concluded that ORS 192.390 unambiguously required disclosure of records older than 25 years, notwithstanding any claim of privilege by the city.

---

[1] The provisions of ORS chapter 192 that are relevant to this appeal were renumbered in 2017. The statutes have not changed unless otherwise noted herein; we use the current numbering throughout this opinion.

[2] Under ORS 192.411 and ORS 192.415, the district attorney had authority to review the denial of defendant's request and to issue an order granting or denying the request.

The city then sought a declaratory judgment that the "documents ordered produced by the District Attorney are attorney-client privileged material exempt from disclosure under ORS 40.255." Defendant filed a counterclaim seeking a declaratory judgment that the records must be disclosed. The city moved for summary judgment, arguing that the district attorney incorrectly construed ORS 192.390 and that the records were exempt from disclosure as a matter of law. Defendant filed a cross-motion for summary judgment also seeking declaratory relief.

After a hearing, the trial court concluded that the documents "remain privileged" and, accordingly, granted the city's motion for summary judgment. In a letter opinion, the court explained:

"ORS 40.225 and ORS [192.390] are in direct conflict. ORS 40.225 does not include a temporal limit on documents it protects nor create an exception for public records. ORS [192.390] does not include an exception for attorney-client privileged documents that are more than 25 years old in the carve outs listed in [ORS 192.398]. The two statutes cannot be harmonized.

"Together, ORS 174.010 and 174.020 require the court to construe a statute by both looking to its plain meaning and, if possible, ascertaining legislative intent. *See State v. Gaines*, [346 Or 160, 206 P3d 1042 (2009)]. Here, the first level of analysis—plain meaning of the two statutes—does not resolve the issue. The question then becomes whether, in adopting ORS [192.390] in 1979, the Legislative Assembly intended for public records protected by the attorney-client privilege to lose their exempt status after 25 years.

"The legislative history of ORS [192.390] includes no reference to attorney-client privilege or, for that matter, any clue whether the Legislative Assembly intended to impose a time limit on the privilege in the government setting. Without a more definitive statement of intent to terminate a fundamental privilege on which clients (including government clients) rely, the court should be reluctant to require disclosure of documents which were intended to be confidential.

"On the other hand, the legislative history suggests that ORS [192.390] had a defined purpose, which was the

simplification of certain types of research. This interpretation of statutory intent is buttressed by the fact that, in codifying the attorney-client privilege in 1981, the Legislative Assembly did not create an exception for public records.

"After considering all of the arguments and the entire summary judgment record, the court concludes that the documents remain privileged."

The court entered a general judgment granting the city's requested declaratory relief.

Defendant now appeals from that judgment, assigning error to the trial court's grant of the city's motion for summary judgment and its denial of defendant's motion. "On review of cross-motions for summary judgment, we view the record for each motion in the light most favorable to the party opposing it to determine whether there is a genuine issue of material fact and, if not, whether either party is entitled to judgment as a matter of law." *O'Kain v. Landress*, 299 Or App 417, 419, 450 P3d 508 (2019); *see also Kluge v. Oregon State Bar*, 172 Or App 452, 457, 19 P3d 938 (2001) (explaining, in the context of a public records proceeding, that "we do not ignore the fact that this case is on appeal from a summary judgment" and "[c]onsequently, we review the summary judgment to determine whether there are any genuine issues of material fact and whether the moving party is entitled to judgment as a matter of law"). Here, the only question is a legal one concerning the interpretation of statutes.

Defendant argues that ORS 192.390 unambiguously requires the disclosure of public records older than 25 years, notwithstanding the attorney-client privilege, and that the trial court erred in concluding otherwise. The city responds that the documents that defendant seeks are protected by attorney-client privilege as defined in OEC 503, and that the legislative history of ORS 192.390 does not indicate that the legislature intended to abrogate that privilege. The parties do not dispute that the records in question are subject to attorney-client privilege and that they are older than 25 years.

The question before us is whether the legislature, in enacting ORS 192.390, intended to require the disclosure of

public records older than 25 years even though those records are otherwise exempt from disclosure under ORS 192.355 (9)(a) because they are subject to attorney-client privilege under OEC 503. To answer that question, we first construe ORS 192.390, which states as follows:

> "*Notwithstanding* ORS 192.338, 192.345 and *192.355* and except as otherwise provided in ORS 192.398, public records that are more than 25 years old shall be available for inspection."

(Emphases added.) As always, when construing a statute, the "paramount goal" is to effectuate the intention of the legislature. *Gaines*, 346 Or at 171. In reaching that goal, we consider the text of the statute in context, along with any legislative history that is helpful. *Id.* at 171-72. If the legislature's intentions remains unclear, we then resort to general maxims of statutory construction. *Id.* at 172. As the Supreme Court observed in *Gaines*, "there is no more persuasive evidence of the intent of the legislature than the words by which the legislature undertook to give expression to its wishes." *Id.* at 171 (internal quotation marks omitted).

Here, the text of ORS 192.390 unambiguously states that records that are older than 25 years *shall* be disclosed, *notwithstanding* the exemptions from disclosure contained in ORS 192.355. In turn, ORS 192.355 provides, in relevant part:

> "The following public records are exempt from disclosure under ORS 192.311 to 192.478:
>
> "* * * * *
>
> "(9)(a)   Public records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law."

Attorney-client privilege is a "privilege under Oregon law" that is incorporated into ORS 192.355(9)(a).[3] *See generally*

___

[3]  The OEC 503 attorney-client privilege is also specifically discussed in ORS 192.355(9)(b)(A). That section provides that certain factual information in a public record that may otherwise be subject to a claim of privilege under OEC 503 may nevertheless be subject to disclosure when certain conditions are met. The application of ORS 192.355(9)(b) is not at issue in this case although that section is context for our statutory analysis.

*Port of Portland v. Ore. Center for Environ. Health*, 238 Or App 404, 409-10, 243 P3d 102 (2010), *rev den*, 350 Or 230 (2011) (noting that, when considered together, OEC 503 and ORS 192.502(9)(a) exempt attorney-client privileged documents from public records disclosure laws). Considered together, ORS 192.355(9) and ORS 192.390 indicate that, notwithstanding any attorney-client privilege that would otherwise exempt records from disclosure, public records that are more than 25 years old "shall," that is, must, be disclosed. *See Doyle v. City of Medford*, 356 Or 336, 366, 337 P3d 797 (2014) (noting that the term "shall" ordinarily imposes a mandatory duty).

The context of the public records statutes also favors disclosure. As noted above, ORS 192.314 requires disclosure of public records except as otherwise expressly provided. As the Supreme Court has observed, "Under the statutory scheme, disclosure is the rule. Exemptions from disclosure are to be narrowly construed." *Guard Publishing Co. v. Lane County School Dist.*, 310 Or 32, 37, 791 P2d 854 (1990).

The city raises various arguments for why we should overlook the text of ORS 192.390, none of which persuade us. The city first contends that the overall 25-year cap in ORS 192.390 on exemptions from public disclosure applies only to those exemptions that are created specifically within the public records laws—"such as the exemptions for personal medical information [ORS 192.355(2)(a)] and [r]ecords of the Energy Facility Siting Council [ORS 192.355(11)]"— and should be interpreted to exclude the catch-all provision of ORS 192.355(9). (Internal quotation marks omitted.) That proposed interpretation, however, would require us to ignore the plain text of ORS 192.390, which we cannot do. *See* ORS 174.010 ("In the construction of a statute, the office of the judge is simply to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted or to omit what has been inserted[.]"). ORS 192.390 states that, "[n]otwithstanding" the exemptions in ORS 192.355—which necessarily includes the confidentiality and privilege exemption under ORS 192.355(9)—records older than 25 years "shall" be disclosed. As we discuss further below, ORS 192.390 does not treat one exemption in ORS 192.355 differently from any other.

    We also understand the city to contend more broadly that, even if attorney-client privileged records are not exempt from disclosure under the public records law, the city nevertheless retains the right not to disclose privileged records under the independent grounds of OEC 503. We address that issue again later in this opinion when we address whether there is a conflict between the public records law and OEC 503. We note that our review in this case is limited to the public records law and its interaction with OEC 503.[4] Significantly, OEC 503(7) provides that "a privilege is maintained under this section for a communication ordered to be disclosed under ORS 192.311 to ORS 192.478 [the Oregon Public Records Law]." OEC 503 works in harmony with the public records law, and recognizes that public entities may ultimately be ordered to disclose privileged records under the public records law, but provides that the privilege is maintained for the purpose of OEC 503 at least insofar as the evidentiary rules are concerned. Therefore, even to the extent that the city relies entirely on the privilege under OEC 503 to withhold documents, OEC 503(7) provides that privileged public records may be ordered disclosed under the public records law, but the privilege survives the ordered disclosure of those records for evidentiary purposes. As we discuss later, the public records law and the evidence code work together.

    The city also points to the legislative history of the public records law. The city argues that statements from the state archivist to the relevant committees indicate that the purpose of enacting ORS 192.390 was to simplify historical and genealogical research and that attorney-client privilege was not part of the consideration. *See* Exhibit F, House Committee on Judiciary, HB 2011, May 17, 1979 (accompanying statement from state archivist stating that "[t]his bill

---

    [4] We recognize that ORS 192.355 identifies many exemptions from disclosure that may overlap with other laws that may provide independent bases for confidentiality and nondisclosure. *See, e.g.*, ORS 192.355(8) (exempting from disclosure under the public records law "[a]ny public records or information the disclosure of which is prohibited by federal law or regulations"). ORS 192.345 also conditionally exempts from disclosure similar records that may have independent bases for nondisclosure. *See, e.g.*, ORS 192.345(2) (conditionally exempting from disclosure trade secrets information). We do not finally resolve here how the public records law interacts with other laws besides OEC 503 that may protect the confidentiality or privilege of certain records.

sets reasonable limits on the duration of access restrictions which presently inhibit inspection of many public records"). The state archivist's statement acknowledges that the statute places an outer limit of 25 years, after which it would be reasonable to permit general access to public records. We otherwise find nothing in the legislative history of the state archivist's statement that sheds meaningful light on the issue before us. And even setting that aside, "whatever the legislative history might show about the legislature's intentions, those intentions must be reflected in actual statutory wording that, when reasonably construed, is capable of carrying out such an intention." *State v. Patton*, 237 Or App 46, 53, 238 P3d 439 (2010), *rev den*, 350 Or 131 (2011). Here, the plain text of ORS 192.390 is capable of only one construction: attorney-client privilege notwithstanding, public records older than 25 years shall be disclosed.

We also note that ORS 192.390 does not require disclosure of all public records older than 25 years. The statute specifically exempts from disclosure—even after 25 years— those records identified in ORS 192.398, which, in general terms, includes certain documents with medical information regarding living persons; sealed court records; inmate, supervisory, and custodial records; and exempt student records. Those documents are either exempt from disclosure for a longer time period than 25 years or are exempt from disclosure altogether. Notably, ORS 192.398 does not exempt from disclosure attorney-client privileged documents. That ORS 192.398 continues to carve out certain typically confidential documents from required disclosure even after 25 years demonstrates that the legislature considered whether there were certain documents that were otherwise generally confidential or privileged that deserved continued protection from disclosure after 25 years. That consideration at least did not extend that continued protection to attorney-client privileged documents.

The trial court reasoned that, "[w]ithout a more definitive statement of intent to terminate a fundamental privilege on which clients (including government clients) rely, the court should be reluctant to require disclosure of documents which were intended to be confidential." We

understand the trial court's concern for the "fundamental" privilege at stake, but the courts have also recognized that the "people's right to inspect public records is fundamental." *American Civil Liberties Union v. City of Eugene*, 360 Or 269, 299, 380 P3d 281 (2016) (internal quotation marks omitted). The legislature may limit a public body's reliance on attorney-client privilege after 25 years in favor of the fundamental principle of public access. Again, the best indication of the legislature's intention is the text of the statute itself, which here is unambiguous.

The city also argues that OEC 503, which is the "statutory embodiment of the attorney-client privilege in this state," *State v. Riddle*, 330 Or 471, 476, 8 P3d 980 (2000), is more specific and therefore controls over the more general provision in ORS 192.390. The rule that a particular provision controls over a general one applies only when there is an irreconcilable conflict between the two provisions. *Olsen v. Deschutes County*, 204 Or App 7, 13, 127 P3d 655, *rev den*, 341 Or 80 (2006) ("Applying the maxim necessarily renders one of the [two] statutes—the older and more general— meaningless, and should therefore be used only when a conflict actually exists and cannot be avoided."); *see also Wilson v. Tri-Met*, 234 Or App 615, 625, 228 P3d 1225, *rev den*, 348 Or 669 (2010) ("[I]f the full effect cannot be given to both statutes, the more specific statute will control over the more general one.").

Here, there is no such unavoidable conflict. OEC 503 protects attorney-client privileged information and ORS 192.355(9)(a) provides that public bodies are exempt from disclosing privileged information. ORS 192.355(9) expressly recognizes that attorney-client privileged records are exempt from public disclosure. *See* ORS 192.355(9)(b) (referring to the OEC 503 attorney-client privilege and the treatment of factual information compiled in an otherwise attorney-client privileged public record). ORS 192.390 then provides that, notwithstanding that exemption, public records older than 25 years shall be disclosed. The two statutes are not in unavoidable conflict, but rather present a coherent set of rules whereby attorney-client privileged documents that also are public records older than 25 years

are required to be disclosed. As noted above, it is significant that OEC 503 specifically contemplates that public records that contain attorney-client privileged documents may be ordered to be disclosed under the public records law but provides that the privilege is maintained and the ordered disclosure of such documents does not constitute a waiver of the privilege. *See* OEC 503(7) (stating that, notwithstanding OEC 511, addressing voluntary waiver of the privilege, "a privilege is maintained under this section for a communication ordered to be disclosed under ORS 192.311 to 192.478 [the Oregon Public Records Law]"). The trial court erred in ruling otherwise.

Before turning to address the city's final argument, we briefly address the well-stated dissent. Some of the dissent's arguments mirror those made by the city and are addressed above. Our primary disagreement with the dissent lies in its failure to grapple fully with ORS 192.314, its stated rule, and the limited exemptions provided therein. As noted earlier in the opinion, the default rule of the public records law is disclosure. ORS 192.314 provides that rule and three limited exemptions: "Every person has a right to inspect any public record of a public body in this state, *except as otherwise expressly provided by ORS 192.338, 192.345 and 192.355*." (Emphasis added.) As the dissent accurately states at the outset of its opinion, the notwithstanding clause in ORS 192.390 is limited to the conditional and unconditional exemptions expressly listed in those statutes. But absent those exemptions, public bodies generally must disclose public records. In other words, without the ability to rely on those limited exemptions, the default rule for public bodies is disclosure.

The dissent and the city maintain that ORS 192.390's notwithstanding clause applies only to the exemptions from public record disclosure that are expressly stated in ORS 192.345 and ORS 192.355 and do not apply to a stand-alone privilege statute that is incorporated into the public records law through the "catch-all" exemption in ORS 192.355(9)(a). As we noted above, we do not address all privilege and confidentiality statutes that might provide an independent basis for confidentiality and exist outside

the public records statute. We only resolve the application of the public records law to attorney-client privileged documents. But for the dissent's position to hold, it has to entirely rewrite the "notwithstanding clause" by inserting substantial additional text. Under the dissent's position, the sunset provision in ORS 192.390 would apply "notwithstanding the expressly stated exemptions in ORS 192.338, 192.345, and 192.355 but excepting those exemptions incorporated by ORS 192.355(9)(a)." That would entirely redraft the text of ORS 192.390, which we cannot do. The dissent's opinion effectively carves out the application of ORS 192.355(9)(a) and renders the 25-year sunset of that provision meaningless.

        The dissent also fails to contend with the fact that, even within the notwithstanding clause, the legislature made a conscious choice to continue to except *certain* documents from the 25-year sunset provision, namely those set forth in ORS 192.398. *See* ORS 192.390 (stating that, "[n]otwithstanding ORS 192.338, 192.345 and 192.355 *and except as otherwise provided in ORS 192.398*, public records that are more than 25-years old shall be available for inspection" (emphasis added)). As noted, that statute provides exceptions from the 25-year sunset provision for certain medical records, sealed court records, certain records of a person's custody, and student records. ORS 192.398 (1) - (4). The legislature chose to except only a limited number of documents from the 25-year sunset on exemptions from public disclosure; the exceptions did not include attorney-client privileged public records.

        We acknowledge that the issue is close because of the confusing intersection among the various statutes, including the relationship between a statutory privilege that applies broadly to protect attorney-client communications— whether involving public entities and their counsel or private entities or persons and their counsel—and a public records law that promotes disclosure and a sunset on exemptions to public disclosure. The legislature may ultimately choose to reconsider which documents are excepted from the 25-year sunset provision in ORS 192.390 and extend that exception to attorney-client privileged documents for longer or even

indefinite periods of time.[5] But we cannot do so without substantially redrafting the public records law, which is not within our authority.[6]

We turn to the city's final argument. The city and *amicus curiae* League of Oregon Cities contend that, if we conclude—as we do—that ORS 192.390 requires the disclosure of public records older than 25 years notwithstanding attorney-client privilege, then the statute violates the "home-rule" provisions of the Oregon Constitution. Before addressing the parties' specific arguments on that issue, it is helpful to first provide a legal framework for the home-rule doctrine. "'Home rule' itself is not a constitutional term, and the actual constitutional terms differ from state to state. But 'home rule' has been described as the 'political symbol' for the objectives of local authority." *LaGrande/Astoria v. PERB*, 281 Or 137, 140 n 2, 576 P2d 1204, *aff'd on reh'g*, 284 Or 173, 586 P2d 765 (1978).

The Oregon Constitution contains two provisions that, together, provide home rule for Oregon cities and towns. *Id.* at 140. Article XI, section 2, provides that the legislature

> "shall not enact, amend or repeal any charter or act of incorporation for any municipality, city or town. The legal voters of every city and town are hereby granted power to enact and amend their municipal charter, subject to the Constitution and criminal laws of the State of Oregon."

Article IV, section 1(5), further provides that

---

[5] Alternatively, the legislature could amend OEC 503 to provide that the privilege prevents disclosure of privileged public records notwithstanding the public records law. *See, e.g.*, ORS 279C.815(4) (providing that, "[n]otwithstanding ORS 192.311 to 192.478," certain wage reports provided to the Bureau of Labor and Industries are not available for public inspection).

[6] The dissent notes that the effect of the opinion is to create a disparity between the protection afforded attorney-client communications between private parties and their attorneys, in one instance, and those between public bodies and their attorneys, in the other instance. For the latter category, barring a change by the legislature, the attorney-client privilege will not prevent the disclosure of privileged public records after 25 years. But that disparity is not unusual in the general context of public records law. There are many documents that private persons and companies do not voluntarily share with others that we ultimately expect our government to disclose upon request.

"[t]he initiative and referendum powers reserved to the people by subsections (2) and (3) of this section are further reserved to the qualified voters of each municipality and district as to all local, special and municipal legislation of every character in or for their municipality or district. The manner of exercising those powers shall be provided by general laws, but cities may provide the manner of exercising those powers as to their municipal legislation."

Taken together, these constitutional home-rule provisions "address the manner in which governmental power is granted and exercised, not the concrete uses to which it is put." *LaGrande/Astoria*, 281 Or at 143. "[A] local law is valid and not preempted if it is authorized by the local charter or by a statute, and if it does not contravene state or federal law." *Qwest Corp. v. City of Portland*, 275 Or App 874, 882, 365 P3d 1157 (2015), *rev den*, 360 Or 465 (2016) (internal quotation marks and brackets omitted).

State law, however, may preempt local law enacted under a city's home-rule authority in two ways:

"First, the state might pass a law or laws expressly precluding all municipal regulation in an area, such that the state 'occupies the field' in that area. [*Rogue Valley Sewer Services v. City of Phoenix*, 357 Or 437, 454, 353 P3d 581 (2015).] Second, state law will preempt a municipal law if the laws conflict, such that they 'cannot operate concurrently.' *LaGrande/Astoria*, 281 Or at 148; *accord Advocates for Effective Regulation v. City of Eugene*, 160 Or App 292, 299, 981 P2d 368 (1999). When conducting that conflict analysis, we must construe the local law 'if possible, to be intended to function consistently with state laws.' *LaGrande/Astoria*, 281 Or at 148."

*Qwest Corp.*, 275 Or App at 883 (brackets in *Qwest Corp.* omitted). In regard to express preemption, "a statute will displace a local ordinance only where the text, context, and legislative history of the statute unambiguously expresses an intention to preclude local governments from regulating in the same area as that governed by the statute." *Northwest Natural Gas Co. v. City of Gresham*, 359 Or 309, 336, 374 P3d 829 (2016) (emphasis and internal quotation marks omitted)). However, in regard to conflict preemption, "when a local enactment is found incompatible with a state law in

an area of substantive policy, the state law will displace the local rule." *LaGrande/Astoria*, 281 Or at 149.

> "When a statute is addressed to a concern of the state with the structure and procedures of local agencies, the statute impinges on the powers reserved by the amendments to the citizens of local communities. Such a state concern must be justified by a need to safeguard the interests of persons or entities affected by the procedures of local government.

> "Conversely, a general law addressed primarily to substantive social, economic, or other regulatory objectives of the state prevails over contrary policies preferred by some local governments if it is clearly intended to do so, unless the law is shown to be irreconcilable with the local community's freedom to choose its own political form. In that case, such a state law must yield in those particulars necessary to preserve that freedom of local organization."

*Id.* at 156 (footnote omitted). With that understanding, we turn to the dispute at hand.

The city argues that the Portland City Code creates an independent basis for attorney-client privilege for the documents at issue here. *See* PCC 3.10.060(B) ("Correspondence between the City Attorney and others in the City and the opinions and advice provided by the City Attorney to the City or to any City department, official, or employee are privileged attorney-client communications."). Therefore, the city argues, to the extent that ORS 192.390 conflicts with the city's own attorney-client privilege rule, that statute is unconstitutional under the home-rule provisions of the Oregon Constitution because the city's ability to obtain privileged legal advice is fundamental to its governance and structure.[7] Defendant argues that ORS 192.390 does not violate the home-rule provisions of the Oregon Constitution because it is not a statute that affects "the

---

[7] The city also advances an argument that PCC 3.10.060(B) and ORS 192.390 are not in conflict because, similar to its argument regarding OEC 503, we can and should interpret ORS 192.390 as excluding attorney-client privileged documents from those required to be disclosed after 25 years. For the same reasons that we rejected that argument as it related to OEC 503, we reject it as it relates to PCC 3.10.060(B).

structure and organization involved in the exercise of local self-government."

Applying *LaGrande/Astoria*, we consider first whether the public records law, and specifically the requirement in ORS 192.390 that requires disclosure of attorney-client privileged public records more than 25 years old, is "addressed to a concern of the state with the structure and procedures of local agencies." 281 Or at 156. If so, it "impinges on the powers reserved by the amendments to the citizens of local communities." *Id*. On the other hand, the statute is not an impingement on those powers if it is a "general law addressed primarily to substantive social, economic, or other regulatory objectives of the state." *Id*. We readily conclude that ORS 192.390 is not directed at the structures and procedures of local government, but is a general law addressed primarily to social objectives. The legislature has concluded that government documents, even those that are subject to the attorney-client privilege, should be disclosed to the public after 25 years. As discussed above, the legislature is exercising its authority to favor the societal value of public disclosure of government documents after 25 years, even when those documents might otherwise be confidential due to a recognized privilege.

We turn next to whether the state law expressly or impliedly preempts municipal law. We have noted two forms of preemption, express and implied. The parties do not contend that there is an issue of express preemption here, and we see none. Therefore, the issue is whether ORS 192.390 preempts PCC 3.10.060(B) because the laws conflict such that they "cannot operate concurrently." *Id*. at 148. We construe the municipal law, "if possible, to be intended to function consistently with state laws." *Id*.

As noted above, the city claims that the records requested here "are also privileged under the Portland City Code," suggesting that the Portland City Code, itself, creates an attorney-client privilege. PCC 3.10.060 states:

"A. The relationship between the Office of City Attorney and the City shall be an attorney-client relationship, with the City being entitled to all benefits thereof.

> "B.   Correspondence between the City Attorney and others in the City and the opinions and advice provided by the City Attorney to the City or to any City department, official, or employee are privileged attorney-client communications.
>
> "C.   In suits, actions, or other proceedings in which the City Attorney, with the concurrence of the OMF Risk Management Division, accepts the defense of a City official, employee, or other person pursuant to the requirements of the Oregon Tort Claims Act, the relationship between the Office of the City Attorney, and the official, employee, or other person shall be an attorney-client relationship, with the official, employee, or other person being entitled to all the benefits thereof regarding the subject matter of the suit, action, or proceeding."

Even assuming for the purpose of this opinion that the city *could* create an independent attorney-client privilege by municipal code that functions independently of OEC 503, we do not construe PCC 3.10.060 as creating a new attorney-client privilege, particularly in light of our duty to construe state and municipal law consistently with each other where possible. At most, PCC 3.10.060 sets out to identify the relationships between the city attorney and the city's various staff and agencies to which the attorney-client privilege already existing under Oregon law applies. Attorney-client privilege is a creature of existing state law codified as OEC 503. *Frease v. Glazer*, 330 Or 364, 370, 4 P3d 56 (2000). Further, as discussed above, we see no conflict in the state legislature deciding that public records should be disclosed after 25 years even if the documents are otherwise subject to the attorney-client privilege under state law.[8] In other words, ORS 192.390 does not preempt PCC 3.10.060(B).

In sum, we conclude that ORS 192.390 does not violate the city's home-rule authority under the Oregon Constitution. We also conclude that ORS 192.390 and PCC

---

[8] The League of Oregon Cities contends that the legislature cannot waive municipalities' attorney-client privilege, but, as noted above, OEC 503(7) specifically provides that "a privilege is maintained under this section for a communication ordered to be disclosed under [the Oregon Public Records Law]." Thus, the disclosure under the public records law may cause the document to be public, but that does not mean that the privilege is waived such that the document at issue can be offered in court.

3.10.060 may be construed together such that the statute does not preempt the municipal law.

For the reasons explained above, we conclude that ORS 192.390 requires the disclosure of the requested records, namely the requested attorney-client privileged public records that are older than 25 years. The trial court erred in granting summary judgment to the city and also erred in denying summary judgment to defendant. Accordingly, we reverse and remand for the trial court to enter a declaratory judgment in favor of defendant consistent with this opinion.

Reversed and remanded.

**POWERS, J.,** dissenting.

In my view, principles of statutory interpretation do not allow a "notwithstanding" clause that specifically references three statutes to be stretched beyond those specific statutes absent a clear indication of legislative intent. More specifically, because the "notwithstanding" clause in ORS 192.390 is limited to the conditional and unconditional exemptions expressly listed in ORS 192.345 and ORS 192.355—not the lawyer-client privilege codified at OEC 503, or any other privilege or confidential public record not specifically identified in ORS chapter 192—the majority opinion improperly expands the application of the 25-year sunset. That is, the notwithstanding clause of ORS 192.390 cannot be read to apply to an exemption not expressly identified by the legislature in ORS 192.345 or ORS 192.355 through the catch-all exemption in ORS 192.355(9)(a) because, as I explain, doing so renders the notwithstanding clause itself superfluous. And, the analytical leapfrog articulated by the majority opinion not only sunsets the lawyer-client privilege for public bodies after 25 years, but by logical extension sunsets all other public-record exemptions found in Oregon law that are codified outside of ORS chapter 192. For those reasons, I respectfully dissent.

As the majority opinion explains, this case requires us to discern the intent of the legislature embodied in ORS 192.390, which provides:

"Notwithstanding ORS 192.338, 192.345 and 192.355 and except as otherwise provided in ORS 192.398, public

records that are more than 25 years old shall be available
for inspection."

More specifically, the question in this case is whether the
legislature intended the general 25-year sunset provided
by ORS 192.390 to restrict public bodies from asserting the
lawyer-client privilege (commonly known as the attorney-
client privilege) codified in OEC 503 or ORS 40.225. Using
the well-established statutory interpretation framework
described in *State v. Gaines*, 346 Or 160, 171-72, 206 P3d
1042 (2009), I would conclude that ORS 192.390 does not
place a 25-year time limit on records that are exempt from
disclosure under the lawyer-client privilege in OEC 503.

The text of ORS 192.390 begins with a notwith-
standing clause that specifically references three statutes:
ORS 192.338, ORS 192.345, and ORS 192.355. ORS 192.345
and ORS 192.355 involve conditional and unconditional
public-records exemptions outlined in the Public Records
Law. ORS 192.345 lists the conditional exemptions, which
apply "unless the public interest requires disclosure in the
particular instance." Those conditional exemptions include,
for example, criminal investigatory information like an
arrest record or crime report, ORS 192.345(3), and univer-
sity faculty writings that have yet to be publicly released
or protected by copyright or patent, ORS 192.345(14). ORS
192.355 lists the unconditional exemptions, which apply
without regard to whether the public interest requires dis-
closure. Those unconditional exemptions include, for exam-
ple, images of a dead body that are part of a law enforcement
investigation, ORS 192.355(2)(b), records of the Energy
Facility Siting Council concerning the review of security pro-
grams, ORS 192.355(11), and State Treasurer records relat-
ing to both publicly traded investments and privately placed
investment funds, ORS 192.355(13), (14). The third statute,
ORS 192.338, addresses situations where a public record
contains both exempt and nonexempt material and requires
a public body to separate the nonexempt material from the
exempt material so that the nonexempt material can be
made available for inspection. ORS 192.338; *see American
Civil Liberties Union v. City of Eugene*, 360 Or 269, 300, 380
P3d 281 (2016) (recognizing that under *former* ORS 192.505

(2015), *renumbered as* ORS 192.338 (2017), "disclosure of requested records is not an all-or-nothing proposition").

      Applying ordinary precepts of statutory interpretation, the notwithstanding clause of ORS 192.390 signals that the operational aspect of the statute (*i.e.*, a 25-year limitation or sunset) works as an exception to the three statutes addressed by the clause. *See, e.g.*, *Severy v. Board of Parole*, 318 Or 172, 178, 864 P2d 368 (1993) (explaining that the "function of the 'notwithstanding' clause * * * [is] to make the statute an exception to the provisions of law referenced in the clause"). Said differently, ORS 192.390 generally operates as a 25-year sunset for those three specified exemptions.[1] Practically speaking, ORS 192.390 generally prevents a public body from asserting specified exemptions to withhold records that are 26 years old when it could have relied on those same exemptions if the record was 24 years old.

      The majority opinion, however, interprets the notwithstanding clause more broadly than just the three statutes that it references. Using the catch-all provision, ORS 192.355(9)(a), the majority opinion applies the 25-year sunset provision in ORS 192.390 to records exempt from disclosure by the lawyer-client privilege, codified in OEC 503. The catch-all exemption in ORS 192.355(9)(a) exempts from disclosure:

> "Public records or information the disclosure of which is prohibited or restricted or otherwise made confidential or privileged under Oregon law."

*See American Civil Liberties Union*, 360 Or at 283 n 6 (using the term "catch-all" to describe *former* ORS 192.502(9)(a) (2015), *renumbered as* ORS 192.355(9)(a) (2017)). The provision effectively captures all public records exemptions in state law that are not expressly identified as a conditional or nonconditional exemption in ORS 192.345 or ORS 192.355. That is, not all public records exemptions are found in ORS 192.345 or ORS 192.355. Indeed, the legislature has codified

---

[1] Although it is not relevant in this case, ORS 192.390 also incorporates an exception to the general 25-year sunset records described in ORS 192.398. *See* ORS 192.390 (providing "except as otherwise provided in ORS 192.398").

hundreds of exemptions outside of the conditional and non-conditional exemptions throughout Oregon law. A reader starting in volume one of the Oregon Revised Statutes would first come across ORS 1.002(3) (exempting personal identifying information required to be submitted to state courts if made confidential by Chief Justice rule) and end in volume 19 with ORS 837.310(1) (exempting from disclosure information law enforcement obtains from operating a drone). Thus, the listed conditional and unconditional exemptions expressly identified in ORS 192.345 and ORS 192.355, and the catch-all provision of ORS 192.355(9)(a) cover a broad swath of exemptions, but not all exemptions found in Oregon law.

However, ORS 192.390 includes a notwithstanding clause that references only three statutes. If the function of the notwithstanding clause is to except more than the identified statutes, why did the legislature include a limited notwithstanding clause? It simply could have enacted ORS 192.390 to require that "public records that are more than 25 years old shall be available for inspection" without a notwithstanding clause. It did not. In effect, the majority opinion's interpretation of the 25-year sunset provision renders the notwithstanding clause superfluous, and, in my view, therefore impermissibly rewrites the notwithstanding clause to be broader than the text commands. *See State v. Cloutier*, 351 Or 68, 98, 261 P3d 1234 (2011) (stating that "an interpretation that renders a statutory provision meaningless should give us pause, both as a matter of respect for a coordinate branch of government that took the trouble to enact the provision into law and as a matter of complying with the interpretative principle that, if possible, we give a statute with multiple parts a construction that 'will give effect to all' of those parts" (quoting *Vsetecka v. Safeway Stores, Inc.*, 337 Or 502, 510, 98 P3d 1116 (2004)); ORS 174.010 (providing that courts are "to ascertain and declare what is, in terms or in substance, contained therein, not to insert what has been omitted, or to omit what has been inserted").

I could join the majority's interpretation if the legislature drafted the notwithstanding clause more broadly

to incorporate more than just the three statutes explicitly referenced in the text. For instance, the legislature could have used an expansive phrase such as "notwithstanding any other provision of Oregon law," which is used in ORS 25.245(1). Alternatively, the legislature could have recycled the oft-used phrase "notwithstanding any other provision of law" (or its close, but lesser used, cousin "notwithstanding any other provisions of law"), which can be found in, among other places, ORS 197.772(1), ORS 475B.968(7), and OEC 412(2), to signal a more expansive intent than it did when it drafted ORS 192.390. For whatever reason, the legislature did not choose broad language and, thus, the notwithstanding clause in ORS 192.390 should be read more narrowly than the majority opinion concludes. Accordingly, because the legislature did not use a broadly worded notwithstanding clause, I would conclude that it did not intend to extinguish the lawyer-client privilege for public bodies after 25 years. That is, without any explicit textual reference in ORS 192.390 that the 25-year sunset should apply to OEC 503 or any other public-records exemptions found outside of ORS 192.338, ORS 192.355, or ORS 192.345, we should readily conclude that the legislature intended to enact a more circumscribed 25-year sunset provision. *See Sundermeir v. PERS*, 269 Or App 586, 595-96, 344 P3d 1142, *rev den*, 357 Or 415 (2015) ("[W]hen a statute clearly and unambiguously says one thing, we cannot simply conclude that the legislature meant something entirely different.").

          To reach its conclusion, the majority opinion co-opts the catch-all exception in ORS 192.355(9)(a) to apply the 25-year sunset to the lawyer-client privilege in OEC 503. Respectfully, in addition to rendering the notwithstanding clause superfluous, the problem with that analytical approach is two-fold. First, the majority opinion's approach unnecessarily creates a conflict between a public body's lawyer-client privilege, codified as OEC 503, and ORS 192.390. Neither the text nor the context lend support to the conclusion that there is unavoidable conflict in the statutes. Second, the interpretation offered by the majority opinion effectively places a 25-year sunset on all public-records exceptions thereby effectively rewriting ORS 192.390 to apply more broadly than the text provides.

First, there is no textual or contextual reason to interpret the sunset provision in ORS 192.390 to create a conflict with OEC 503. As the Supreme Court has recognized, "[t]he correct analytical route *** is to avoid the statutory interpretation that would produce irreconcilable conflict and, instead, to construe the statute according to the probable intention of the legislature, had it considered the issue." *Carlson v. Myers*, 327 Or 213, 226, 959 P2d 31 (1998). The interpretation adopted by the majority opinion unnecessarily creates a conflict between the 25-year sunset provision and the specific exception to disclosure covered by the lawyer-client privilege. Instead of avoiding that conflict, the majority opinion overlays the 25-year time limit of ORS 192.390 onto OEC 503 to place a 25-year time limit on lawyer-client privileged records for public bodies. Not only does this create an avoidable interpretive conflict, it also creates a disparity between lawyer-client communications involving public bodies and private parties.

When statutes appear to conflict, we must first "determine whether there is any way to reconcile the apparent conflict without exceeding the bounds of the reasonable construction of the wording of the statutes." *Preble v. Centennial School Dist. No. 287*, 298 Or App 357, 364, 447 P3d 42 (2019). Second, if the potential conflict cannot be avoided, then we "must apply established rules of construction that give precedence to one of the conflicting statutes over the other." *Id*.

In this case, we can avoid a conflict between the general 25-year sunset in ORS 192.390 and OEC 503 by not using the catch-all exemption in subsection (9)(a).[2] That is, we can give full effect to the 25-year sunset in ORS 192.390 by applying it to the specific exemptions contained in ORS 192.355, not to exemptions only cross-referenced by the catch-all exemption. Using that approach, we would be

---

[2] It is worth noting that, even if it were necessary to conclude that the statutes could not be reconciled, the general sunset provision in ORS 192.390 should give way to the more specific lawyer-client privilege codified in OEC 503. *See State ex rel Juv. Dept. v. M. T.*, 321 Or 419, 426, 899 P2d 1192 (1995) ("When a general statute and a specific statute both purport to control an area of law, this court considers the specific statute to take precedence over an inconsistent general statute related to the same subject.").

faithful to the explicit text of ORS 192.390 and the exemptions expressly identified in ORS 192.345 and ORS 192.355 would be subject to the 25-year sunset. In short, because we need not use the catch-all exemption in ORS 192.355(9)(a) to expand the application of the 25-year sunset to exemptions that are codified outside of ORS 192.355, the reasoning of the majority opinion unnecessarily creates a statutory conflict that could be avoided.

Further, to the extent that the majority opinion relies on the statutory context of OEC 503—specifically OEC 503(7)—to support its interpretation of ORS 192.390, that reliance is misplaced for at least two reasons. First, OEC 503(7)—which provides that a public body may be required under the Public Records Law to disclose privileged material—was enacted long after the legislature enacted the 25-year sunset in ORS 192.390 and thus cannot be context in determining what the legislature intended when it enacted the 25-year sunset. *See Holcomb v. Sunderland*, 321 Or 99, 105, 894 P2d 457 (1995) (explaining that the proper inquiry in interpreting a law focuses on what the legislature intended at the time of enactment). Second, because OEC 503(7) was enacted in response to *Klamath County School Dist. v. Teamey*, 207 Or App 250, 140 P3d 1152, *rev den*, 342 Or 46 (2006), to curb the use of the lawyer-client privilege to prevent the disclosure of internal investigative reports, its enactment cannot provide meaningful insight into the legislature's intent about whether a general 25-year sunset should be extended to the lawyer-client privilege for public bodies.[3] For either of those reasons, OEC 503(7) is not helpful context to interpreting what the legislature intended when it enacted the 25-year sunset in ORS 192.390.

Second, the logic of the majority opinion applies the 25-year sunset to all public records exemption in Oregon

---

[3] In 2007, the legislature enacted SB 671 to add OEC 503(7), which was drafted in response to the *Teamey* decision. *See* Audio Recording, House Committee on Judiciary, SB 671, May 14, 2007, at 7:19:00 (statement of Sen Burdick), https://olis.leg.state.or.us (accessed Feb 26, 2020). In so doing, the legislature sought to require a public body to release a condensed version of factual information, not any legal opinions or legal advice, that would otherwise be exempt under the lawyer-client privilege without waiving its privilege. *See* Staff Measure Summary, Senate Committee on Judiciary, SB 671, Apr 3, 2007.

law, which effectively rewrites ORS 192.390 to apply more broadly than the explicitly narrow notwithstanding clause allows. ORS 192.355(9)(a) is broadly written to exempt from disclosure under the Public Records Law all public records and information where the disclosure "is prohibited or restricted or otherwise made confidential or privileged under Oregon law." As explained earlier, to use the catch-all exemption as an interpretive vehicle to apply the sunset to OEC 503, the majority opinion effectively sunsets every exemption in Oregon law despite the narrowly tailored language of ORS 192.390. Or, to put it in the language of the catch-all exemption, the 25-year sunset applies where disclosure would be "prohibited or restricted or otherwise made confidential or privileged under Oregon law." That logic, respectfully, leads to an absurd result that can and should be avoided. *See McKean-Coffman v. Employment Div.*, 312 Or 543, 549, 824 P2d 410, *adh'd to on recons*, 314 Or 645, 842 P2d 380 (1992) (explaining that "courts must refuse to give literal application to language when to do so would produce an absurd or unreasonable result" and instead "courts must construe the statute if possible so that it is reasonable and workable and consistent with the legislature's general policy"); *State v. Stout*, 281 Or App 263, 273, 382 P3d 591 (2016), *aff'd*, 362 Or 758, 415 P3d 567 (2018) ("We are not to read a statute out of context so as to produce an unworkable or absurd result, or counteract the legislature's clear intention.").[4]

The legislature, to be sure, could have intended such a limitation on the attorney-client privilege for public bodies that the majority opinion suggests, but we should expect a clearer statement of legislative intent in the text of ORS 192.390 before so concluding.[5] *Cf. Crane v. School*

---

[4] To the extent that the majority opinion looks to ORS 192.314 for support, that statute does little to corroborate the expansive interpretation of ORS 192.390. To be sure, ORS 192.314 embodies the legislative policy that disclosure of public records is the presumption and that exemptions from disclosure are narrowly construed. It provides little guidance, however, on whether the legislature intended the 25-year sunset to apply to every exemption embodied in Oregon law through the application of the catch-all exemption in ORS 192.355(9)(a).

[5] The legislature's authority in this area would necessarily be circumscribed by any constitutional limitations in this area but I have assumed—as the parties' arguments have—that the legislature could limit the attorney-client privilege for the records at issue in this case. Further, because I conclude that ORS

*District No. 14*, 95 Or 644, 654, 188 P 712 (1920) ("If it had been the intent of the legislature to confer such a vast power \*\*\*, it should have used language far more specific and certain[.]"). This is especially true when considering the importance of the lawyer-client privilege, which encourages "full and frank communication between lawyers and their clients," whether those clients are public bodies or private parties. *State ex rel OHSU v. Haas*, 325 Or 492, 500, 942 P2d 261 (1997) (citation omitted); *see also State v. Jancsek*, 302 Or 270, 274, 730 P2d 14 (1986) (discussing purpose of lawyer-client privilege). As the Supreme Court has recognized, the privilege "promote[s] broader public interests in the observance of law and administration of justice," *Haas*, 325 Or at 500 (citation omitted), and therefore we should require more than a catch-all cross-reference to sunset this important privilege.[6]

The full impact of the reasoning by the majority opinion will have far reaching consequences. By using the catch-all exemption in ORS 192.355(9)(a) to apply a 25-year sunset to all public records exemptions found in Oregon law, a wide range of exemptions will no longer be viable despite the underlying policy interest embodied in the exceptions not necessarily being diminished by the passage of time such as:

- ORS 18.048(2)(b)—crime victim information;

- ORS 40.275(2)—identity of an informant;

- ORS 247.973(5)—information on voter's disability in voter registration records;

---

192.390 does not require the disclosure of public records older than 25 years if OEC 503 applies, I would not reach the alternative argument based on Article IV, section 1(5), and Article XI, section 2, of the Oregon Constitution. Accordingly, I express no opinion on that issue.

[6] It is worth noting that, although I conclude that OEC 503 is an available exemption after 25 years, the ultimate decision on whether the requested record would be disclosed remains with the public-body client that may decide to waive any available exemption or privilege. *See Guard Publishing Co. v. Lane County School Dist.*, 310 Or 32, 37-38 & n 6, 791 P2d 854 (1990) ("If the public body is satisfied that a claimed exemption from disclosure is justified, it may, but is not required to, withhold disclosure of the information." (emphasis and footnote omitted)); *Freaze v. Glazer*, 330 Or 364, 370, 4 P3d 56 (2000) (explaining that the attorney-client privilege is not absolute and that a client may waive it voluntarily).

- ORS 314.835(1)—information in state tax returns;

- ORS 342.850(8)—teacher personnel files where a district school board has adopted rules governing access;

- ORS 409.273(2)—location of sexual assault crises centers that have received grants from, or entered into a contract with, the Department of Human Services;

- ORS 409.292(3)—location of facilities for family and domestic violence programs that have received grants from, or entered into a contract with any public agency; and

- ORS 433.045(4)(a)—identity of individuals receiving HIV-related tests by any licensed health care provider.

In short, the legislature undoubtedly intended to place a time limit on the use of specified public records exemptions when it enacted ORS 192.390 using a narrow notwithstanding clause. Because we should take the legislature at its word and not expand the reach of that tailored notwithstanding clause by effectively turning it from a targeted 25-year sunset provision into a comprehensive sunshine provision that forecloses the use of each and every public records exception under Oregon law after 25 years, I respectfully dissent.

DeVore, J., and James, J., join in this dissent.